## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

DAVID MARTINCIC and MERL
WILLIAMS, HIS HUSBAND,

                 Plaintiffs,

   VS.


A.O. SMITH CORPORATION,

A.R. WIFLEY & SONS, INC.,

ABB, INC., as successor to Brown Boveri

(Individually and as successor-in-interest
to

ITE IMPERIAL CO f/k/a ITE CIRCUIT

BREAKER COMPANY),

AECOM ENERGY &
CONSTRUCTION, INC.,

f/k/a URS Energy & Construction, Inc.
f/k/a

Catalytic Construction Company,

AIR & LIQUID SYSTEMS
CORPORATION,

Successor-by merger to Buffalo Pumps,
Inc.,

AIRTEK, INC.

AJAX MAGNETHERMIC
CORPORATION,

**Civil Action No.:**  2:20-cv-958

ALCOA, INC. f/k/a Aluminum Company of

America,

ALLEGHENY COUNTY,

ALLEGHENY COUNTY AIRPORT AUTHORITY,

ALFA LAVAL, INC.,

ALLIED GLOVE CORPORATION,

AMERON INTERNATIONAL CORPORATION,

AMETEK, INC.,

APPLIED INDUSTRIAL TECHNOLOGIES, INC.,

ARMSTRONG INTERNATIONAL, INC.,

ARMSTRONG PUMPS, INC.,

ATLAS INDUSTRIES, INC.,

ATWOOD & MORRILL CO., INC., d/b/a Weir

Valves and Controls USA, Inc.,

AURORA PUMPS,

BAKER HUGHES, A GE Company, LLC,

BEAZER EAST INC., in its own right and as

Successor to Koppers, Co., Inc. and other related

Companies, including Thiem Corporation, Beazer

USA, Inc., and Beazer, PLC.,

BECHTEL CORPORATION,

BLOOM ENGINEERING COMPANY, INC.,

BLUE M. CORPORATION,

BMI REFRACTORY SERVICES, INC.,

BORGWARNER MORSE TEC LLC,

BRAND INSULATIONS, INC.,

BRIDGEVILLE AUTO PARTS, INC.,

BURNHAM LLC,

BW/IP, INC.,

CAMERON INTERNATIONAL CORPORATION,

f/k/a Cooper Cameron Corporation,

CARMEUSE LIME, INC.,

CARRIER CORPORATION,

CARVER PUMP COMPANY,

CASHCO, INC.,

CATERPILLAR, INC.,

CBS CORPORATION, f/k/a Viacom Inc., as

Successor by Merger to CBS Corp, f/k/a

Westinghouse Electric Corporation,

CHICAGO PNEUMATIC TOOL COMPANY, LLC,

CLARK RELIANCE CORPORATION and its

Division Jerguson Gage and Valve,

CLEAVER-BROOKS f/k/a AQUA-CHEM,

CLYDE UNION, INC., d/b/a Clyde Union Pumps,

Individually and as successor-by-merger to

Union Pump Company,

COLUMBUS MCKINNON CORPORATION,

COST COMPANY, f/k/a Cost Corporation,

COST MANAGEMENT, LLC,

CRANE COMPANY, INC.,

DAP, INC., n/k/a La Mirada Products Co., Inc.,

DEZURIK, INC.,

DICK CORPORATION,

DONALD McKAY SMITH, INC.,

DRAVO CORPORATION,

EATON CORPORATION, as successor-in-interest

To Cutler-Hammer, Inc., n/k/a Eaton
Electrical Inc.,

ECODYNE CORPORATION,

EICHLEAY CORPORATION,

ELECTROLUX HOME PRODUCTS
INC., f/k/a

WCI Outdoor Products, Inc.,

ELLIOTT COMPANY, f/k/a Elliott
Turbomachinery Co.,

ERIKS NORTH AMERICA, as
successor-in-interest to

Lewis-Goetz and Company, Inc., f/k/a
Gooding Rubber Company,

EVOQUA WATER TECHNOLOGIES,
LLC, in its

Own right and as successor-in-interest to
Wallace &

Tiernan,

FLOWSERVE CORPORATION, f/k/a
Durametallic

Corporation,

FLOWSERVE CORPORATION, f/k/a Duriron

Company, Inc.,

FLOWSERVE US, INC., solely as successor to

Nordstrom Audco, Edward Valves, Inc., Nordstrom

Valves, Inc., and Rockwell Manufacturing Company,

FLOWSERVE US, INC. f/k/a Flowserve FSD Corp.,

Successor to Valtek International,

FLSMIDTH, INC., as successor-in-interest to

Keeler-Dorr-Oliver Boiler Company,

FLSMIDTH, INC., f/k/a Fuller Company,

FLUOR CONSTRUCTORS INTERNATIONAL a/k/a

Fluor Corporation,

FLUOR CORPORATION

FLUOR ENTERPRISES, INC.,

FMC CORPORATION,

FOSTER WHEELER, LLC,

GARDNER DENVER, INC.,

GENERAL ELECTRIC COMPANY,

GENUINE PARTS COMPANY,

GG OF FLORIDA, INC.,

GOULD ELECTRONICS, INC., f/k/a
GD-TEK, INC.,

GOULDS PUMP, LLC

GREENE TWEED & COMPANY,

GRINNELL, LLC,

HAMMOND VALVE COMPANY,

HAMWORTHY PEABODY
COMBUSTION, INC.,

HONEYWELL, INC.,

HONEYWELL INTERNATIONAL,
INC., f/k/a

Allied Signal, Inc., as successor-in-
interest to the

Bendix Corporation,

HOWDEN NORTH AMERICA, INC.,
f/k/a Howden

Buffalo, Inc.,

HUNTER SALES CORPORATION,

I.U. NORTH AMERICA, INC., as
successor by merger

To The Garp Company, formerly known
as The Gage

Company, formerly known as Pittsburgh Gage and

Supply Company,

IMO INDUSTRIES, INC., f/k/a IMO Delaval, Inc., f/k/a

DeValco Corporation, Inc., f/k/a DeLaval Turbine, Inc.,

INDUCTOTHERM INDUSTRIES, INC.,

INDUSTRIAL HOLDINGS CORPORATION, f/k/a

Carborundum Corporation,

INDUSTRIAL RUBBER PRODUCTS,

INGERSOLL-RAND CORPORATION,

ITT INDUSTRIES, INC.,

J.M. FOSTER, INC.,

JOHNSON CONTROLS, INC.,

JOY GLOBAL SURFACE MINING, INC., f/k/a

P&H Mining Equipment, f/k/a Harnischfeger

Corporation,

JOY GLOBAL UNDERGROUND MINING, LLC,

f/k/a Joy Technologies, Inc.,

LINDBERG,

LINDBERG MPH,

M.S. JACOBS & ASSOCIATES, INC.,

MAGNETEK, INC.,

McCARLS, INC.,

MCJUNKIN REDMAN
CORPORATION, f/k/a

MRC Global (US), Inc.,

MCMASTER CARR SUPPLY,

MCNEIL (OHIO) CORPORATION,

McWANE, INC.,

MET-PRO CORPORATION and its Dean
Pump brand,

d/b/a Met-Pro Global Pump Solutions,

METROPOLITAN LIFE INSURANCE
COMPANY,

f/k/a Metropolitan Insurance Company,

MILWAUKEE VALVE COMPANY,
LLC,

MINE SAFETY APPLIANCES
COMPANY,

MORGAN ENGINEERING SYSTEMS,
INC.,

MOYNO, INC.,

MUELLER STEAM SPECIALTY,

MW CUSTOM PAPERS, LLC a/k/a
MEAD, NAGLE

PUMPS, INC.,

NOOTER CONSTRUCTION
COMPANY, in its own

Right and as successor-in-interest to
Nooter Corporation

And John Nooter Boiler Works Company,

NOOTER CONSTRUCTION
COMPANY, LLC in

Its own right and as successor-in-interest
to Nooter

Corporation and John Nooter Boiler
Works Company,

NORTEK GLOBAL HVAC, LLC, as
successor by

Merger to Reznor, LLC,

NORTH AMERICAN
MANUFACTURING CO.,

OCEAN VIEW CAPITAL, f/k/a Triangle
PWC, Inc.,

OSRAM SYLVANIA, INC., in its own
right and as

Successor-in-interest to GTE Products
Corporation, The

Clark Controller Company and A.O.
Smith Corporation,

PARKER-HANNIFIN CORPORATION,

PFAUDLER, INC.,

PLASTICS ENGINEERING
COMPANY,

POWER PIPING COMPANY,

PROCESS VALVE & EQUIPMENT
CO.,

RCH NEW CO., II LLC, f/k/a Robertson
Ceco

Corporation, an alleged successor to H.H.
Robertson Company,

READING CRANE AND
ENGINEERING COMPANY,

RESCO HOLDINGS, LLC as successor
to the M.W. Kellogg

Company,

RESEARCH-COTTRELL, INC. n/k/a
AWT AIR COMPANY, INC.,

REUNION INDUSTRIES, INC.,

RILEY POWER, INC., f/k/a Riley Stoker
Corporation,

ROBBINS & MYERS, INC.,

ROBINSON FANS, INC.,

RUST ENGINEERING &
CONSTRUCTION, INC., f/k/a Treco

Construction Services f/k/a The Rust
Engineering Company,

SAINT-GOBAIN ABRASIVES, INC.,
f/k/a Norton Company,

SANTA FE BRAUN, INC., individually
and as successor to

CF Braun & Co.,

SAUER, INC.,

SCHNEIDER ELECTRIC USA, INC.,
f/k/a Square D Company,

SEAL & DESIGN HIGBEE, INC.,

SEALING SPECIALITS & SERVICE
CO.,

SIMAKAS COMPANY, INC.,

SPIRAX SARCO, INC.,

SPX COOLING TECHNOLOGIES,
INC., f/k/a Marley Cooling

Technologies, Inc. f/ka The Marley
Cooling Tower Company,

SPX FLOW US, LLC,

STERLING FLUID SYSTEMS (USA),
LLC,

SULZER PUMPS SOLUTIONS, INC.,
f/k/a AHLSTROM

PUMPS, LLC,

SUNBEAM PRODUCTS, INC., as
successor-in-interest to

Sunbeam Corporation,

SUNDYNE, LLC,

SURFACE COMBUSTION,

SWINDELL-DRESSLER
INTERNATIONAL COMPANY,

TENOVA INC., f/k/a Tenova Core Inc.,
f/k/a Techint

Technologies, Inc., f/k/a Core Furnace
Systems Corp., as

Successor-in-interest to Salem Furnace
Company,

THE GOODYEAR TIRE & RUBBER
COMPANY,

THE GORMAN-RUPP COMPANY,

THE LINTERN CORPORATION,

THE NASH ENGINEERING
COMPANY,

THE WILLIAM POWELL COMPANY,

TRANE U.S. INC., f/k/a American
Standard

Corporation f/k/a American Radiator &

Standard Sanitary, in its own right and as

Successor to Westinghouse Airbrake
and/or WABCO,

TUTHILL CORPORATION,

UNION CARBIDE CORPORATION,

UNITED STATES STEEL
CORPORATION,

URBAN REDEVELOPMENT
AUTHORITY OF

PITTSBURGH,

VELAN VALVE CORPORATION,

VIKING PUMP, INC.,

WARREN PUMPS, LLC,

WASHINGTON GROUP
INTERNATIONAL f/k/a

Raytheon Engineers and Constructors,
Inc., and all

Its domestic subsidiaries including The
Badger

Company, Inc.,

WEIL-McLAIN COMPANY,

WEST END CONTRACTING
CORPORATION,

f/k/a Minnotte Contracting Corporation,

WHEELABRATOR AIR POLLUTION

CONTROL, INC.,

WHEELING RUBBER PRODUCTS,
INC.,

WT/HRC CORPORATION, f/k/a
Whiting

Corporation,

WTI RUST HOLDINGS, INC.,

WYETH HOLDINGS CORPORATION,
f/k/a

American Cyanamid,

YORK INTERNATIONAL
CORPORATION,

YUBA HEAT TRANSFER LLC,

ZURN INDUSTRIES, a/k/a Erie City Iron
Works,

Defendants.

## **FOSTER WHEELER LLC'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§1442(a)(1) and 1446, Defendant Foster Wheeler LLC[1]

("Foster Wheeler" or "Defendant") gives notice of removal of an action filed against it in the Court

of Common Pleas, Allegheny County, to the United States District Court for the Western District

of Pennsylvania.  In support, Defendant respectfully offers the following:

]

---

[1] In filing this removal petition, Foster Wheeler does not waive any of its objections or defenses, including those based on lack of personal jurisdiction.

**Preliminary Matters**

1.      On or about May 7, 2020, plaintiffs David Martincic and Merl Williams ("Plaintiffs") filed this lawsuit in the Court of Common Pleas, Allegheny County, Case No. GD-20-005567, against Foster Wheeler and other defendants. *See* Summons and Complaint attached hereto as Exhibit A.

2.      Plaintiffs served Foster Wheeler with the Summons and Complaint on May 15, 2020.   The Complaint contained allegations that Plaintiff David Martincic ("Mr. Martincic") served in the United States Navy from 1966 to 1969. *Id.* at ¶180. The Complaint, however, did not state Plaintiffs' claims in a manner or in sufficient detail to inform Foster Wheeler that the case was removable[2]. *See* 28 U.S.C. §1446(b)(3) (if the initial pleading does not provide details of plaintiff's claims, the 30-day time period begins on the date defendant receives "other paper" specifically indicating grounds for removal).

3.      Mr. Martincic provided deposition testimony on June 4, 5 and 8, 2020.  He testified to sustaining "substantial" asbestos exposure from boilers and other equipment while in the United States Navy and while serving as a boiler tender aboard the USS Jonas Ingram. *See* Deposition Transcript of David Martincic ("Martincic Dep."), Vol. 1,  dated June 4, 2020, at 174-189; *see also*

Martincic Dep, Vol. 3, dated June 8, 2020, at 4:1-10, relevant excerpts attached hereto as Exhibit B.

[2] The Complaint stated that Mr. Martincic was not bringing any claims for exposure to asbestos during his service in the U.S. Navy. *Id.* However, this purported waiver is invalid. Recognizing this disclaimer would deprive Foster Wheeler, a federal contractor, of the right to have the adequacy of the threshold determination – whether there is federal subject matter jurisdiction under the federal officer removal statute – made by a federal court. *See In Re Asbestos Prods Liab. Lit.*, 770 F.Supp.2d 736, 742-743 (E.D. Pa. 2011). Further, "[s]ection 1442(a) is an exception to the well-pleaded complaint rule, under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *See Kircher v. Putnam Funds Trust,* 547 U.S. 633, 644 n. 12 (2006) (internal quotation marks omitted); *see also Jefferson County v. Acker,* 527 U.S. 423 (1999) ([s]ection 1442(a)(1) permits removal where the defendant invokes a colorable federal *defense* "despite the nonfederal cast of the complaint."); *Machnik v. Buffalo Pumps Inc.,* 506 F.Supp.2d 99, 103, n. 1 (D.Conn.2007) ("regardless of whether the plaintiff's cause of action rests on state law ... once [defendant] meets the threshold showing to assert a federal contractor defense, even artful pleading around any federal claims cannot defeat federal subject matter jurisdiction."); *Corley v. Long-Lewis, Inc.*, 688 F.Supp.2d 1315, 1325 (N.D. Ala. 2010) (plaintiffs cannot avoid federal jurisdiction by attempting to "artfully plead" the defendants out of federal jurisdiction when they allege, as they do here, that Mr. Corley's exposure was ongoing over a period of years... he cannot simply omit those [exposures] to avoid federal jurisdiction.)

4.      Thus, this Notice of Removal is timely filed in that it is filed within thirty (30) days after Mr. Martincic's deposition testimony from which Foster Wheeler ascertained that this case is removable.  28 U.S.C. § 1446(b).

## Nature Of The Case

5.      The case is based on plaintiffs' allegations that Mr. Martincic's asbestos-related disease, specifically mesothelioma, was caused by his exposure to asbestos dust and/or fibers.

6.      Plaintiffs assert manufacturing and design defect claims, failure to warn claims, along with negligence and strict liability claims against defendants based on various theories.

## Grounds For Removal

7.      This Notice of Removal is filed within thirty (30) days of Mr. Martincic's deposition testimony from which Foster Wheeler could ascertain that the case was removable.  28 U.S.C. § 1446(b).  Foster Wheeler manufactured boilers and auxiliary equipment for use on government-owned vessels, pursuant to contracts and specifications executed by the government. Foster Wheeler has confirmed that it manufactured the marine steam generators, including boilers and economizers, on the USS Jonas Ingram.  Thus, the basis for removal is that, in the manufacture and sale of boilers and auxiliary equipment for the Navy, including all aspects of warnings associated with that equipment, Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

8.      Should plaintiffs file a motion to remand this case, Foster Wheeler respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

9.      As recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875) in *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770

(E.D. Pa. 2010), Foster Wheeler has a federal defense to this action. *See Hagen.* In examining similar evidence submitted in the case at bar, Judge Eduardo C. Robreno found that Foster Wheeler raised a colorable defense to plaintiff's failure to warn claims, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler according to strict Navy specifications.   Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

10.     In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute.  First, a defendant must demonstrate that it is a "person" within the meaning of the statute.  *Hagen,* at 776.  The definition of a "person" includes a corporation.  *Id.*  Second, defendants must raise a colorable claim to a federal law defense. *Id.*  As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense.  *Id.*  Third, the defendant must establish that the suit is for any act under color of federal office, i.e., there is a causal connection between the charged conduct and asserted official authority.  *Id.*  Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office. *Id.*

11.     The second and third elements require a substantial degree of federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Hagen,* at 776.  Although set forth in the statute as two separate

requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement. *Id.* at 784 [*citing Good v. Armstrong World Indus., Inc.* 914 F. Supp. 1125, 1128 (E.D. Pa 1996) ("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")].

12.     What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case.  Like the *Hagen* court, federal courts across the country have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict government specifications. *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 815 (3d Cir. 2016) (government contractor defense was "colorable," meaning that the defense was legitimate and could reasonably be asserted, given the facts presented and the current law); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017) (reversing lower court's grant of remand and finding Foster Wheeler satisfied federal officer removal statutory requirements); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207 (4th Cir. 2017) (reversing lower court's grant of remand and ruling Foster Wheeler's evidence established colorable government contract defense to plaintiff's failure to warn claims); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014) (Crane Co. provided sufficient evidence that easily cleared the low threshold for asserting a federal contractor defense); *Zeringue v. Crane Co.*, 846 F.3d 785, 789-90 (5th Cir. 2017) (section §1442(a)(1) is a "pure jurisdictional statute" that permits a federal defense "to serve as the federal question that endues the court with jurisdiction"); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) (plaintiff's failure to warn claims and defendant's government contractor defense is one for the federal and not state court to decide); *Ruppel v. CBS Corporation*, 701 F.3d 1176 (7th Cir. 2012)

(reversing lower court decision to remand and finding removal proper where Westinghouse established through affidavits that it had a colorable government contractor defense to plaintiff's claims).

13.     The predominant view holds that a colorable federal defense need only be plausible. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *see also* Ruppel, 701 F.3d at 1182. In the context of a "failure to warn" case, **the defendant need not show that the government expressly barred or broadly preempted the inclusion of asbestos warnings on its products**. *See Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.) *cert. denied* 531 U.S. 919 (2000) (government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438).

14.     As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "'continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that

governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

15.     The present case is substantially similar, if not identical, to *Kerstetter* and *Hagen, supra*. As explained by J. Thomas Schroppe:

> The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers...The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of naval boilers and economizers only to the extent directed by the Navy. Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy. Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the Navy.

*See* Affidavit of J. Thomas Schroppe, December 18, 2009, attached hereto as Exhibit C, at ¶¶ 21 and 22.

16.     Nowhere is it required that Defendants produce physical contracts to prove the government's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1). This Court should uphold its decision in *Kirks* and defer to the decision made by the MDL court in *Hagen*.

17.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand.

28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). The

federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow

or grudging interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *see*

*also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("right of removal is absolute for conduct

performed under color of federal office"); *Kolibash v. Comm. on Legal Ethics*, 872 F.2d 571, 576

(4th Cir.1989) ("right of removal conferred by § 1442(a)(1) is to be broadly construed."). The

removing defendant "need not win his case before he can have it removed" nor even establish that

the defense is "clearly sustainable". *See Ripley*, 841 F.3d at 210 (citing *Willingham*, 395 U.S. at

407).

18.     Foster Wheeler is not required to notify and obtain the consent of any other

defendant in this action in order to remove plaintiffs' action as a whole under § 1442(a)(1). *See*

*Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314–15 (9th Cir.1981)

([s]ection 1442 is an exception to the general rule that all defendants must join in a notice of

removal). When a federal officer removes a case under Section 1442, "the entire case against all

defendants, federal and non-federal, is removed to federal court regardless of the wishes of his

[sic] co-defendants." *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th

Cir.1980)

19.     As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct

copies of the process and pleadings served upon defendant are being filed with this Notice of

Removal.

## Conclusion

20.     Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action

brought in a state court, and the federal district courts have original jurisdiction over the subject

matter under 28 U.S.C. § 1442(a)(1) because Foster Wheeler was acting under an officer or agency of the United States.

WHEREFORE, Foster Wheeler, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the Court of Common Pleas, Allegheny County, on this 26th day of June, 2020.

Respectfully submitted,

Dennis F. Wolford, Esq.
PA Bar #23667
Reed Tosh Wolford & Douglass
999 Third Street
Beaver, PA 15009
(7240 774-9220
dwolford@reedluce.com
*Attorneys for Defendant*
*Foster Wheeler LLC*

## *CERTIFICATE OF SERVICE*

I, Dennis F. Wolford, Esquire, hereby certify that on the 26th day of June 2020, a true and correct copy of the foregoing *Notice of Removal* was served via FedEx upon the following plaintiffs' counsel:

> Leif J. Ocheltree, Esquire
> Goldberg, Persky & White, PC
> 11 Stanwix Street, Suite 1800
> Pittsburgh, PA  15222
> Attorney for Plaintiffs

All defense counsel of record have been served via electronic mail and via the Courts CM/ECF System.

REED, TOSH, WOLFORD & DOUGLASS

By: _____
Dennis F. Wolford, Esquire
PA ID No. 23667
999 Third Street
Beaver, PA  15009
(724) 774-9220
Attorney for Defendant, Foster
Wheeler LLC

Date:  June 26, 2020