**Computershare**

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

05/18/2020

Foster Wheeler LLC
Frederick Wolsky Legal Asbestos Litigation
Amec Foster Wheeler Limited
53 Frontage Road
Hampton NJ 08827

# SERVICE OF PROCESS NOTICE

Item: 2020-635

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | Foster Wheeler LLC |
|---|---|---|
| 2. | Title of Action: | David Martincic and Merl Williams vs. A.O. Smith Corp., et al. |
| 3. | Document(s) Served: | Civil Cover Sheet<br>Notice<br>Complaint in Civil Action |
| 4. | Court/Agency: | Allegheny County Court of Common Pleas, Pennsylvania |
| 5. | State Served: | Pennsylvania |
| 6. | Case Number: | GD-20-005567 |
| 7. | Case Type: | Asbestos |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Friday 05/15/2020 |
| 10. | Date to Client: | Monday 05/18/2020 |
| 11. | # Days When Answer Due<br>Answer Due Date: | 20<br>Thursday 06/04/2020 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Leif J. Ocheltree<br>Pittsburg, PA<br>412-471-3980 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 391 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone  866 820 7754, Option 2 | www.cgsregisteredagent.com



# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
ALLEGHENY _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| GD-20-005567 |

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:**
David Martincic, and Merl Williams, his husband

**Lead Defendant's Name:**
A.O. Smith Corp., et al.

**Are money damages requested?** [x] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Leif J. Ocheltree, Esq.

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**S E C T I O N   B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MASS TORT**
- [x] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

*Updated 1/1/2011*

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| | |
|---|---|
| **Plaintiff(s)**<br>David Martincic and Merl Williams, his husband | **CIVIL DIVISION** |
| | Case Number :<br>GD - 20 - 005567 |
| | Type of pleading :<br>Complaint in Civil Action |
| | Code and Classification : 012 |
| | Filed on behalf of<br>Plaintiff<br><br>(Name of the filing party) |
| **Vs**<br>**Defendant(s)**<br>A.O. Smith Corp., ET AL., | ☑ Counsel of Record<br>☐ Individual, If Pro Se |
| | Name, Address and Telephone Number :<br>Leif J. Ocheltree, Esq.<br>Goldberg, Persky & White, P.C.<br>11 Stanwix Street, Ste 1800<br>Pittsburgh, PA 15222 |
| | Attorney's State ID : 163508 |
| | Attorney's Firm ID : 744 |

GD-20-005567

[cover]

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION - ASBESTOS

| | |
|---|---|
| DAVID MARTINCIC and MERL WILLIAMS, HIS HUSBAND, | GD No. 20-005567 |
| Plaintiffs, | Code: 012 |
| VS. | |
| A.O. SMITH CORPORATION,<br>A.R. WILFLEY & SONS, INC.,<br>ABB, INC., as successor to Brown Boveri (Individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY),<br>AECOM ENERGY & CONSTRUCTION, INC., f/k/a URS Energy & Construction, Inc., f/k/a Catalytic Construction Company,<br>AIR & LIQUID SYSTEMS CORPORATION, successor-by merger to Buffalo Pumps, Inc.,<br>AIRTEK, INC.<br>AJAX MAGNETHERMIC CORPORATION,<br>ALCOA, INC., f/k/a Aluminum Company of America,<br>ALLEGHENY COUNTY,<br>ALLEGHENY COUNTY AIRPORT AUTHORITY,<br>ALFA LAVAL, INC.,<br>ALLIED GLOVE CORPORATION,<br>AMERON INTERNATIONAL CORPORATION,<br>AMETEK, INC.,<br>APPLIED INDUSTRIAL TECHNOLOGIES, INC,<br>ARMSTRONG INTERNATIONAL, INC.,<br>ARMSTRONG PUMPS, INC.,<br>ATLAS INDUSTRIES, INC.,<br>ATWOOD & MORRILL CO., INC., d/b/a Weir Valves and Controls USA, Inc.,<br>AURORA PUMPS,<br>BAKER HUGHES, a GE Company, LLC,<br>BEAZER EAST, INC., in its own right and as successor to Koppers, Co., Inc., and other related | JURY TRIAL DEMANDED<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on behalf of Plaintiffs<br><br>Counsel of Record for this Party:<br><br>Leif J. Ocheltree, Esquire<br>PA ID No. 163508<br><br>GOLDBERG PERSKY & WHITE, PC<br><br>11 Stanwix Street, Suite 1800<br>Pittsburgh, PA 15222<br>(412) 471-3980<br><br>Firm #744 |

companies, including Thiem Corporation, Beazer
USA, Inc., and Beazer, PLC,
BECHTEL CORPORATION,
BLOOM ENGINEERING COMPANY, INC.,
BLUE M CORPORATION,
BMI REFRACTORY SERVICES, INC.,
BORGWARNER MORSE TEC LLC,
BRAND INSULATIONS, INC.,
BRIDGEVILLE AUTO PARTS, INC.,
BURNHAM LLC,
BW/IP, INC.,
CAMERON INTERNATIONAL CORPORATION,
f/k/a Cooper Cameron Corporation,
CARMEUSE LIME, INC.,
CARRIER CORPORATION,
CARVER PUMP COMPANY,
CASHCO, INC.,
CATERPILLAR, INC.,
CBS CORPORATION, f/k/a Viacom Inc., as
Successor by Merger to CBS Corp, f/k/a
Westinghouse Electric Corporation,
CHICAGO PNEUMATIC TOOL
COMPANY, LLC,
CLARK RELIANCE CORPORATION, and its
division Jerguson Gage and Valve,
CLEAVER-BROOKS f/k/a AQUA-CHEM,
CLYDE UNION, INC., d/b/a Clyde Union Pumps,
individually and as successor-by-merger to Union
Pump Company,
COLUMBUS MCKINNON CORPORATION,
COST COMPANY, f/k/a Cost Corporation,
COST MANAGEMENT, LLC,
CRANE COMPANY, INC.,
DAP, INC., n/k/a La Mirada Products Co., Inc.,
DEZURIK, INC.,
DICK CORPORATION,
DONALD McKAY SMITH, Inc.,
DRAVO CORPORATION,
EATON CORPORATION, as successor-in-interest
to Cutler-Hammer, Inc., n/k/a Eaton Electrical Inc.,
ECODYNE CORPORATION,
EICHLEAY CORPORATION,
ELECTROLUX HOME PRODUCTS INC., f/k/a
WCI Outdoor Products, Inc.,

2

ELLIOTT COMPANY, f/k/a Elliott
Turbomachinery Co.,
ERIKS NORTH AMERICA, as successor-in-
interest to Lewis-Goetz and Company, Inc., f/k/a
Gooding Rubber Company,
EVOQUA WATER TECHNOLOGIES, LLC, in its
own right and as successor-in-interest to Wallace &
Tiernan,
FLOWSERVE CORPORATION, f/k/a
Durametallic Corporation,
FLOWSERVE CORPORATION, f/k/a Duriron
Company, Inc.,
FLOWSERVE US, INC., solely as successor to
Nordstrom Audco, Edward Valves Inc., Nordstrom
Valves, Inc., and Rockwell Manufacturing
Company,
FLOWSERVE US, INC., f/k/a Flowserve FSD
Corp., successor to Valtek International,
FLSMIDTH, INC., as successor-in-interest
to Keeler/Dorr-Oliver Boiler Company,
FLSMIDTH, INC., f/k/a Fuller Company,
FLUOR CONSTRUCTORS INTERNATIONAL
a/k/a Fluor Corporation,
FLUOR CORPORATION,
FLUOR ENTERPRISES, INC.,
FMC CORPORATION,
FOSTER WHEELER LLC,
GARDNER DENVER, INC.,
GENERAL ELECTRIC COMPANY,
GENUINE PARTS COMPANY,
GG OF FLORIDA, INC.,
GOULD ELECTRONICS, INC., f/k/a GD-TEK,
INC.,
GOULDS PUMPS, LLC,
GREENE TWEED & COMPANY,
GRINNELL, LLC,
HAMMOND VALVE COMPANY,
HAMWORTHY PEABODY COMBUSTION,
INC.,
HONEYWELL, INC.,
HONEYWELL  INTERNATIONAL, INC., f/k/a
Allied Signal, Inc., as successor-in-interest to the
Bendix Corporation,
HOWDEN NORTH AMERICA, INC.,
f/k/a Howden Buffalo, Inc.,

3

HUNTER SALES CORPORATION,
I.U. NORTH AMERICA, INC., as successor by
merger to The Garp Company, formerly known as
The Gage Company, formerly known as
Pittsburgh Gage and Supply Company,
IMO INDUSTRIES, INC., f/k/a IMO Delaval, Inc,,
f/k/a DeValco Corporation Inc., f/k/a
DeLaval Turbine, Inc.,
INDUCTOTHERM INDUSTRIES, INC.,
INDUSTRIAL HOLDINGS CORPORATION,
f/k/a Carborundum Corporation,
INDUSTRIAL RUBBER PRODUCTS,
INGERSOLL-RAND CORPORATION,
ITT INDUSTRIES, INC.,
J.M. FOSTER, INC.,
JOHNSON CONTROLS, INC.,
JOY GLOBAL SURFACE MINING, INC., f/k/a
P&H Mining Equipment, f/k/a Harnischfeger
Corporation,
JOY GLOBAL UNDERGROUND MINING, LLC,
f/k/a Joy Technologies, Inc.,
LINDBERG,
LINDBERG MPH,
M.S. JACOBS & ASSOCIATES, INC.,
MAGNETEK, INC.,
McCARLS, INC.,
MCJUNKIN REDMAN CORPORATION,
f/k/a MRC Global (US), Inc.,
MCMASTER CARR SUPPLY,
MCNEIL (OHIO) CORPORATION,
McWANE, INC.,
MET-PRO CORPORATION, and its Dean Pump
brand, d/b/a Met-Pro Global Pump Solutions,
METROPOLITAN LIFE INSURANCE
COMPANY, f/k/a Metropolitan Insurance
Company,
MILWAUKEE VALVE COMPANY, LLC,
MINE SAFETY APPLIANCES COMPANY,
MORGAN ENGINEERING SYSTEMS, INC.,
MOYNO, INC.,
MUELLER STEAM SPECIALTY,
MW CUSTOM PAPERS, LLC a/k/a MEAD,
NAGLE PUMPS, INC.,
NOOTER CONSTRUCTION COMPANY, in its
own right and as successor-in-interest to Nooter

4

Corporation and John Nooter Boiler Works
Company,
NOOTER CONSTRUCTION COMPANY, LLC in
its own right and as successor-in-interest to Nooter
Corporation and John Nooter Boiler Works
Company,
NORTEK GLOBAL HVAC, LLC, as successor by
merger to Reznor, LLC,
NORTH AMERICAN MANUFACTURING CO.,
OCEAN VIEW CAPITAL, f/k/a Triangle PWC,
Inc.,
OSRAM SYLVANIA, INC., in its own right, and
as successor-in-interest to GTE Products
Corporation, The Clark Controller Company and
A.O. Smith Corporation,
PARKER-HANNIFIN CORPORATION,
PFAUDLER, INC.,
PLASTICS ENGINEERING COMPANY,
POWER PIPING COMPANY,
PROCESS VALVE & EQUIPMENT CO.,
RCH NEW CO, II LLC, f/k/a Robertson Ceco
Corporation, an alleged successor to H.H.
Robertson Company,
READING CRANE AND ENGINEERING
COMPANY,
RESCO HOLDINGS, L.L.C. as successor to the
M.W. Kellogg Company,
RESEARCH-COTTRELL, INC., n/k/a AWT AIR
COMPANY, INC.,
REUNION INDUSTRIES, INC.,
RILEY POWER, INC., f/k/a Riley Stoker
Corporation,
ROBBINS & MYERS, INC.,
ROBINSON FANS, INC.,
RUST ENGINEERING & CONSTRUCTION,
INC., f/k/a Treco Construction Services f/k/a the
Rust Engineering Company,
SAINT-GOBAIN ABRASIVES, INC.,
f/k/a Norton Company,
SANTA FE BRAUN, INC., individually and as
successor to CF Braun & Co.,
SAUER, INC.,
SCHNEIDER ELECTRIC USA, INC., f/k/a Square
D Company,
SEAL & DESIGN HIGBEE, INC.,

SEALING SPECIALISTS & SERVICE CO.,
SIMAKAS COMPANY, INC.,
SPIRAX SARCO, INC.,
SPX COOLING TECHNOLOGIES, INC., f/k/a
Marley Cooling Technologies, Inc., f/k/a The
Marley Cooling Tower Company,
SPX FLOW US, LLC,
STERLING FLUID SYSTEMS (USA), LLC,
SULZER PUMPS SOLUTIONS, INC.
f/k/a AHLSTROM PUMPS, LLC,
SUNBEAM PRODUCTS, INC., as successor-in-
interest to Sunbeam Corporation,
SUNDYNE, LLC,
SURFACE COMBUSTION,
SWINDELL-DRESSLER INTERNATIONAL
COMPANY,
TENOVA INC., f/k/a Tenova Core Inc., f/k/a
Techint Technologies, Inc., f/k/a Core Furnace
Systems Corp., as successor-in-interest to Salem
Furnace Company,
THE GOODYEAR TIRE & RUBBER
COMPANY,
THE GORMAN-RUPP COMPANY,
THE LINTERN CORPORATION,
THE NASH ENGINEERING COMPANY,
THE WILLIAM POWELL COMPANY,
TRANE U.S. INC., f/k/a American Standard
Corporation, f/k/a American Radiator & Standard
Sanitary, in its own right and as successor to
Westinghouse Airbrake and/or WABCO,
TUTHILL CORPORATION,
UNION CARBIDE CORPORATION,
UNITED STATES STEEL CORPORATION,
URBAN REDEVELOPMENT AUTHORITY OF
PITTSBURGH,
VELAN VALVE CORPORATION,
VIKING PUMP, INC.,
WARREN PUMPS, LLC,
WASHINGTON GROUP INTERNATIONAL
f/k/a Raytheon Engineers and Constructors, Inc.,
and all its domestic subsidiaries including The
Badger Company, Inc.,
WEIL-McLAIN COMPANY,
WEST END CONTRACTING CORPORATION
f/k/a Minnotte Contracting Corporation,

6

WHEELABRATOR AIR POLLUTION
CONTROL, INC.,
WHEELING RUBBER PRODUCTS, INC.,
WT/HRC CORPORATION, f/k/a Whiting
Corporation,
WTI RUST HOLDINGS, INC.,
WYETH HOLDINGS CORPORATION, f/k/a
American Cyanamid,
YORK INTERNATIONAL CORPORATION,
YUBA HEAT TRANSFER LLC,
ZURN INDUSTRIES, a/k/a Erie City Iron Works,

        Defendants.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION - ASBESTOS

DAVID MARTINCIC AND MERL WILLIAMS,    GD No.
HIS HUSBAND

          Plaintiffs,    Code: 12

                         JURY TRIAL DEMANDED

VS.

A.O. SMITH CORP., et al.,

          Defendants.

### NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

LAWYER REFERRAL SERVICE
ALLEGHENY COUNTY BAR ASSOCIATION
400 KOPPERS BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PA 15219
TELEPHONE: (412) 261-0518

## COMPLAINT IN CIVIL ACTION

1.      The plaintiffs, DAVID MARTINCIC and MERL WILLIAMS, are individuals residing at 2674 Reissing Road, McDonald, PA 15057.

2.      The Defendant, A.O. SMITH CORPORATION, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Milwaukee, Wisconsin and is qualified to do business in the Commonwealth of Pennsylvania.

3.      The Defendant, A.R. WILFLEY & SONS, INC., is a corporation incorporated under the laws of the State of Colorado, with its principal place of business located in Englewood, California, and is qualified to do business in the Commonwealth of Pennsylvania.

4.      The Defendant, ABB, INC. as successor to Brown Boveri (Individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY), is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

5.      The Defendant, AECOM ENERGY & CONSTRUCTION, INC., f/k/a URS Energy & Construction, Inc., f/k/a Catalytic Construction Company, is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Greenwood Village, Colorado, and is qualified to do business in the Commonwealth of Pennsylvania.

6.      The Defendant, AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, is a corporation incorporated under the law of the Commonwealth of Pennsylvania, having its principal place of business in Rochester Hills, Michigan, and is qualified to do business in the Commonwealth of Pennsylvania.

9

7.      The Defendant, AIRTEK, INC., is a corporation incorporated under the law of the Commonwealth of Pennsylvania, having its principal place of business in Irwin, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

8.      The Defendant, AJAX MAGNETHERMIC CORPORATION, is a corporation incorporated under the law of the State of Delaware, having its principal place of business in located in the State of Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

9.      The Defendant, ALCOA, INC., f/k/a Aluminum Company of America, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

10.     The Defendant, ALLEGHENY COUNTY, is a political subdivision of the Commonwealth of Pennsylvania.

11.     The Defendant, ALLEGHENY COUNTY AIRPORT AUTHORITY, is a municipal authority formed under the laws of the Commonwealth of Pennsylvania, which operates the "Pittsburgh International Airport" located in Moon Township, PA.

12.     The Defendant, ALFA LAVAL, INC., is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business in Richmond, Virginia, and is qualified to do business in the Commonwealth of Pennsylvania.

13.     The Defendant, ALLIED GLOVE CORPORATION, is a corporation incorporated under the law of the State of Delaware, having its principal place of business in Milwaukee, Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

14.     The Defendant, AMERON INTERNATIONAL CORPORATION, successor-in-interest to Bondstrand, is a corporation incorporated under the law of the State of Delaware, having its principal place of business in Houston, Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

15.     The Defendant, AMETEK, INC., successor-in-interest to Haveg Industries, Inc., is a corporation incorporated under the law of the State of Delaware, having its principal place of business in Berwyn, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

16.     The Defendant APPLIED INDUSTRIAL TECHNOLOGIES, INC., is a corporation incorporated under the law of the State of Ohio, having its principal place of business in Cleveland, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

17.     The Defendant, ARMSTRONG INTERNATIONAL, INC., is a corporation incorporated under the laws of the State of Michigan, having its principal place of business in Three Rivers, Michigan and is qualified to do business in the Commonwealth of Pennsylvania.

18.     The Defendant, ARMSTRONG PUMPS, INC., is a corporation having its principal place of business located in Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

19.     The Defendant, ATLAS INDUSTRIES, INC. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Carnegie, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

20.    The Defendant, ATWOOD & MORRILL CO., INC., d/b/a Weir Valves and Controls USA, Inc., is a corporation incorporated under the laws of the State of Massachusetts, with its principal place of business located in the State of Massachusetts, and is qualified to do business in the Commonwealth of Pennsylvania.

21.    The Defendant, AURORA PUMPS, is a corporation having its principal place of business in the Commonwealth of Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

22.    The Defendant, BAKER HUGHES, a GE Company, LLC,, is a corporation incorporated under the laws of the State of DE with its primary place of business located in Houston, Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

23.    The Defendant, BEAZER EAST, INC., in its own right and as successor to Koppers Company, Inc., and other related companies including Thiem Corporation, Beazer USA, Inc., and Beazer PLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

24.    The Defendant, BECHTEL CORPORATION is a corporation incorporated under the laws of the State of Nevada with its primary place of business located in San Francisco, California, and is qualified to do business in the Commonwealth of Pennsylvania.

25.    The Defendant, BLOOM ENGINEERING COMOPANY, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its primary place of business located in Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

12

26.    The Defendant, BLUE M CORPORATION, is a corporation with its primary place of business located in Riverside, MI and is qualified to do business in the Commonwealth of Pennsylvania.

27.    The Defendant, BMI REFRACTORY SERVICES, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Dover, Delaware, and is qualified to do business in the Commonwealth of Pennsylvania.

28.    The Defendant, BORGWARNER MORSE TEC LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Chicago, Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

29.    The Defendant, BRAND INSULATIONS, INC., is a corporation incorporated under the laws of the State of Illinois with its primary place of business located in State of Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

30.    The Defendant, BRIDGEVILLE AUTO PARTS, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its primary place of business located in Bridgeville, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

31.    The Defendant, BURNHAM, LLC is a corporation incorporated under the laws of the State of Delaware having its principal place of business in Lancaster, Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

32.    The Defendant, BW/IP, INC., is a corporation incorporated under the laws of the State of Delaware having its principal place of business in the State of Texas and is qualified to do business in the Commonwealth of Pennsylvania.

13

33.    The Defendant, CAMERON INTERNATIONAL CORPORATION, f/k/a Cooper Cameron Corporation, is a corporation incorporated under the laws of the State of DE with its primary place of business located in Houston, Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

34.    The Defendant, CARMEUSE LIME, INC., is a corporation incorporated under the laws of the State of Delaware, with its primary place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

35.    The Defendant, CARRIER CORPORATION, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Hartford, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

36.    The Defendant, CARVER PUMP COMPANY, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Iowa, and is qualified to do business in the Commonwealth of Pennsylvania.

37.    The Defendant, CASHCO, INC., is a corporation having its principal place of business in Ellsworth, Kansas, and is qualified to do business in the Commonwealth of Pennsylvania.

38.    The Defendant, CATERPILLAR, INC., is a corporation incorporated in Delaware, having its principal place of business in Peoria, Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

39.    The Defendant, CBS CORPORATION, f/k/a Viacom Inc, as Successor by Merger to CBS Corp. f/k/a Westinghouse Electric Corporation, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in New York, New York and is qualified to do business in the Commonwealth of Pennsylvania.

14

40.     The Defendant, CHICAGO PNEUMATIC TOOL COMPANY, LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Rock Hill, South Carolina, and is qualified to do business in the Commonwealth of Pennsylvania.

41.     The Defendant, CLARK RELIANCE CORPORATION, and its division Jerguson Gage and Valve, is a corporation incorporated under the laws of the State of Delaware, with its primary place of business located in Strongsville, Ohio and is qualified to do business in the Commonwealth of Pennsylvania.

42.     The Defendant, CLEAVER-BROOKS f/k/a AQUA-CHEM, is a corporation having its principal place of business in Milwaukee, Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

43.     The Defendant, CLYDE UNION, INC., d/b/a Clyde Union Pumps, individually and as successor-by-merger to Union Pump Company, is a corporation incorporated under the laws of the State of Michigan, with its principal place of business in Battle Creek, Michigan, and is qualified to do business in the Commonwealth of Pennsylvania.

44.     The Defendant, COLUMBUS MCKINNON CORPORATION, is a corporation incorporated under the laws of the State of New York, having its principal place of business located in the State of New York, and is qualified to do business in the Commonwealth of Pennsylvania.

45.     The Defendant, COST COMPANY, f/k/a Cost Corporation, is a Pennsylvania limited liability company, having its principal place of business in Pittsburgh, PA and is qualified to do business in the Commonwealth of Pennsylvania.

46.     The Defendant, COST MANAGEMENT, LLC, is a Pennsylvania limited liability company, having its principal place of business in Pittsburgh, PA and is qualified to do business in the Commonwealth of Pennsylvania.

47.     The Defendant, CRANE COMPANY, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Stamford, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

48.     The Defendant, DAP PRODUCTS, INC., n/k/a La Mirada Products Co., Inc., is a corporation incorporated under the laws of the State of Delaware with a primary place of business located in Baltimore, MD, and is qualified to do business in the Commonwealth of Pennsylvania.

49.     The Defendant, DEZURIK, INC., is a corporation incorporated under the laws of the State of Kansas, having its principal place of business located in Ellsworth, Kansas, and is qualified to do business in the Commonwealth of Pennsylvania.

50.     The Defendant, DICK CORPORATION, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

51.     The Defendant, DONALD MCKAY SMITH, INC., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Westlake, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

52.     The Defendant, DRAVO CORPORATION, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business in

Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

53.     The Defendant, EATON CORPORATION, as successor-in-interest to Cutler-Hammer, Inc., n/k/a Eaton Electrical Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Cleveland, Ohio and is qualified to do business in the Commonwealth of Pennsylvania.

54.     The Defendant, ECODYNE CORPORATION, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Wilmington, Delaware and is qualified to do business in the Commonwealth of Pennsylvania.

55.     The Defendant, EICHLEAY CORPORATION, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

56.     The Defendant, ELECTROLUX HOME PRODUCTS INC., f/k/a WCI Outdoor Products, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Charlotte, North Carolina, and is qualified to do business in the Commonwealth of Pennsylvania.

57.     The Defendant, ELLIOTT COMPANY, f/k/a Elliott Turbomachinery Co., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Jeanette, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

58.     The Defendant, ERIKS NORTH AMERICA, INC. as successor-in-interest to Lewis-Goetz and Company, Inc., f/k/a Gooding Rubber Company is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in

17

Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

59.     The Defendant, EVOQUA WATER TECHNOLOGIES LLC, in its own right and as successor-in-interest to Wallace & Tiernan, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Warrendale, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

60.     The Defendant, FLOWSERVE CORPORATION, f/k/a Durametallic Corporation, is a corporation incorporated under the laws of the State of Michigan, having its principal place of business located in Kalamazoo, Michigan, and is qualified to do business in the Commonwealth of Pennsylvania.

61.     The Defendant, FLOWSERVE CORPORATION, f/k/a Duriron Company, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the State of Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

62.     The Defendant, FLOWSERVE US, INC., solely as successor to Nordstrom Audco, Inc., Edward Valves Inc., Nordstrom Valves, Inc., and Rockwell Manufacturing Company, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the State of Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

63.     The Defendant, FLOWSERVE U.S., INC., f/k/a Flowserve FSD Corporation, successor to Valtek International, is a corporation incorporated under the laws of Delaware, having its principal place of business located in the State of Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

64.     The Defendant, FLSMIDTH, INC., as successor-in-interest to Keeler/Dorr-Oliver Boiler Company, is a corporation incorporated under the laws of the State of Delaware,

18

having its principal place of business located in the State of Utah, and is qualified to do business in the Commonwealth of Pennsylvania.

65.     The Defendant, FLSMIDTH, INC., f/k/a Fuller Company, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Bethlehem, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

66.     The Defendant, FLUOR CONSTRUCTORS INTERNATIONAL a/k/a Fluor Corporation, is a corporation incorporated under the laws of the State of California, having its principal place of business located in the State of Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

67.     The Defendant, FLUOR CORPORATION, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Irving, Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

68.     The Defendant, FLUOR ENTERPRISES, INC., is a corporation incorporated under the laws of the State of California, having its principal place of business located in Irving, Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

69.     The Defendant, FMC CORPORATION, is a corporation incorporated under the laws of Delaware, having its principal place of business located in the Philadelphia, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

70.     The Defendant, FOSTER WHEELER LLC., is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business in Livingston, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

71.     The Defendant, GARDNER DENVER, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Philadelphia, Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

72.     The Defendant, GENERAL ELECTRIC COMPANY, is a corporation incorporated under the laws of the State of New York, having its principal place of business located in Fairfield, Connecticut and is qualified to do business in the Commonwealth of Pennsylvania.

73.     The Defendant, GENUINE PARTS COMPANY, is a corporation incorporated under the laws of the State of Georgia, having its principal place of business located in Atlanta, and is qualified to do business in the Commonwealth of Pennsylvania.

74.     The Defendant, GG OF FLORIDA, INC., is a corporation incorporated under the laws of the State of New York, having its principal place of business located in Jacksonville, Florida and is qualified to do business in the Commonwealth of Pennsylvania.

75.     The Defendant, GOULD ELECTRONICS, INC., f/k/a GD-TEK, INC., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Eastlake, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

76.     The Defendant, GOULDS PUMPS, LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the State of Delaware, and is qualified to do business in the Commonwealth of Pennsylvania.

77.     The Defendant, GREENE TWEED & COMPANY, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business

located in Kulpsville, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

78.     The Defendant, GRINNELL LLC., is a corporation incorporated under the laws of the state of Mississippi having its principal place of business located in Upper Saddle River, New Jersey and is qualified to do business in the Commonwealth of Pennsylvania.

79.     The Defendant, HAMMOND VALVE COMPANY, is a corporation incorporated under the laws of the State of Wisconsin having its principal place of business located in New Berlin, Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

80.     The Defendant, HAMWORTHY PEABODY COMBUSTION, INC., is a corporation incorporated under the laws of the State of New York, having its principal place of business located in Wichita, Kansas, and is qualified to do business in the Commonwealth of Pennsylvania.

81.     The Defendant, HONEYWELL, INC., is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business located in Morristown, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

82.     The Defendant, HONEYWELL INTERNATIONAL f/k/a Allied Signal, Inc. f/k/a Allied Corporation successor-in-interest to Bendix Corporation., is a corporation incorporated under the laws of the State of Delaware having its principal place of business located in Morris Plains, New Jersey and is qualified to do business in the Commonwealth of Pennsylvania.

83.     The Defendant, HOWDEN NORTH AMERICA, INC., f/k/a Howden Buffalo, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal

place of business located in South Carolina, and is qualified to do business in the Commonwealth of Pennsylvania.

84.     The Defendant, HUNTER SALES CORPORATION, , is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Bethel Park, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

85.     The Defendant, I.U. NORTH AMERICA, INC., as successor by merger to The Garp Company, formerly known as The Gage Company, formerly known as Pittsburgh Gage and Supply Company, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Wilmington, Delaware and is qualified to do business in the Commonwealth of Pennsylvania.

86.     The Defendant, IMO INDUSTRIES, INC., f/k/a IMO DeLaval, Inc., f/k/a DeValco Corporation Inc., f/k/a DeLaval Turbine, Inc. is a corporation incorporated under the laws of the state of New York, having its principal place of business located in New York, and is qualified to do business in the Commonwealth of Pennsylvania.

87.     The Defendant, INDUCTOTHERM INDUSTRIES, INC., is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business located in Rancocas, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

88.     The Defendant, INDUSTRIAL HOLDINGS CORPORATION, f/k/a Carborundum Corporation, is a corporation incorporated under the laws of the State of New York, having its principal place of business located in the State of New York, and is qualified to do business in the Commonwealth of Pennsylvania.

89.     The Defendant, INDUSTRIAL RUBBER PRODUCTS, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

90.     The Defendant, INGERSOLL-RAND CORPORATION, is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business located in Cleveland, Ohio and is qualified to do business in the Commonwealth of Pennsylvania.

91.     The Defendant, ITT INDUSTRIES, INC., is a corporation incorporated under the laws of the State of Mississippi having its principal place of business located in Upper Saddle River, New Jersey and is qualified to do business in the Commonwealth of Pennsylvania.

92.     The Defendant, J.M. FOSTER, INC., is a corporation incorporated under the laws of the State of Indiana, having its principal place of business located in Gary, Indiana, and is qualified to do business in the Commonwealth of Pennsylvania.

93.     The Defendant, JOHNSON CONTROLS, INC., is a corporation incorporated under the laws of the State of Wisconsin, having its principal place of business located in Milwaukee, Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

94.     The Defendant, JOY GLOBAL SURFACE MINING, INC., f/k/a P&H Mining Equipment, f/k/a Harnischfeger Corporation, is a corporation incorporated under the laws of the State of Delaware having its principal place of business located in Milwaukee, Wisconsin and is qualified to do business in the Commonwealth of Pennsylvania.

95.     The Defendant, JOY GLOBAL UNDERGROUND MINING, LLC, f/k/a Joy

23

Technologies, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the Commonwealth of Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

96.     The Defendant, LINDBERG, is a Delaware Corporation with its principal place of business located in Charlotte, North Carolina, and at times material hereto, was qualified to do business in the Commonwealth of Pennsylvania.

97.     The Defendant, LINDBERG MPH, is a corporation with its primary place of business located in Riverside, MI and is qualified to do business in the Commonwealth of Pennsylvania.

98.     The Defendant, M.S. JACOBS & ASSOCIATES, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

99.     The Defendant, MAGNETEK, INC., is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Tennessee.

100.     The Defendant, MCCARLS INCORPORATED., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Beaver Falls, Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

101.     The Defendant, MCJUNKIN REDMAN CORPORATION, f/k/a MRC Global (US) Inc., is a corporation incorporated under the laws of the State of West Virginia, having its

principal place of business located in the State of West Virginia, and is qualified to do business in the Commonwealth of Pennsylvania.

102.   The Defendant, MCMASTER CARR SUPPLY, is a corporation incorporated in the State of Illinois, with its primary place of business located in Aurora, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

103.   The Defendant, MCNEIL (OHIO) CORPORATION, is a corporation incorporated under the laws of the State of Minnesota, with a primary place of business located in Minneapolis, MN, and is qualified to do business in the Commonwealth of Pennsylvania.

104.   The Defendant, McWANE, INC., and its Manchester Tank Division, is a corporation incorporated under the laws of the State of DE, with its principal place of business located in Franklin, TN, and is qualified to do business in the Commonwealth of Pennsylvania.

105.   The Defendant, MET-PRO CORPORATION, and its Dean Pump brand, doing business as Met-Pro Global Pump Solutions, is a corporation incorporated under the laws of the State of Pennsylvania, having its principal place of business located in Harleysville, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

106.   The Defendant, METROPOLITAN LIFE INSURANCE COMPANY, f/k/a Metropolitan Insurance Company., is a corporation incorporated under the laws of the State of New York having its principal place of business located in New York and is qualified to do business in the Commonwealth of Pennsylvania.

107.   The Defendant, MILWAUKEE VALVE COMPANY., is a corporation incorporated under the laws of the State of Wisconsin having its principal place of business located in Wisconsin and is qualified to do business in the Commonwealth of Pennsylvania.

108.   The Defendant, MINE SAFETY APPLIANCE COMPANY, is a corporation

25

incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place

of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the

Commonwealth of Pennsylvania.

109.    The Defendant, MORGAN ENGINEERING SYSTEMS, INC., is a corporation

incorporated under the laws of the State of Delaware, having its principal place of business

located in Cleveland, Ohio and is qualified to do business in the Commonwealth of

Pennsylvania.

110.    The Defendant, MOYNO, INC., is a corporation incorporated under the laws of

the State of Delaware, having its principal place of business located in Springfield, Ohio, and is

qualified to do business in the Commonwealth of Pennsylvania.

111.    The Defendant, MUELLER STEAM SPECIALTY, is a corporation

incorporated under the laws of the State of Delaware, having its principal place of business

located in the State of North Carolina, and is qualified to do business in the Commonwealth of

Pennsylvania.

112.    The Defendant, MW CUSTOM PAPERS, LLC a/k/a MEAD, is a corporation

incorporated under the laws of the State of Delaware, with its principal place of business

located in Richmond, Virginia, and is qualified to do business in the Commonwealth of

Pennsylvania.

113.    The Defendant, NAGLE PUMPS, INC., is a corporation incorporated under the

laws of the state of Illinois, having its principal place of business located in Chicago Heights,

Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

114.    The Defendant, NOOTER CONSTRUCTION COMPANY, in its own right and

as successor-in-interest to Nooter Corporation and John Nooter Boiler Works Company, is a

corporation incorporated under the laws of the State of Missouri, having its principal place of business located in St. Louis, Missouri, and is qualified to do business in the Commonwealth of Pennsylvania.

115.   The Defendant, NOOTER CONSTRUCTION COMPANY, LLC in its own right and as successor-in-interest to Nooter Corporation and John Nooter Boiler Works Company, is a corporation incorporated under the laws of the State of Missouri, having its principal place of business located in St. Louis, Missouri, and is qualified to do business in the Commonwealth of Pennsylvania.

116.   The Defendant, NORTEK GLOBAL HVAC, LLC, as successor by merger to Reznor, LLC, is a corporation incorporated under the laws of the State of Delaware with a primary place of business located in O'Fallon, Missouri, and is qualified to do business in the Commonwealth of Pennsylvania.

117.   The Defendant, NORTH AMERICAN MANUFACTURING CO., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Cleveland, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

118.   The Defendant, OCEAN VIEW CAPITAL, f/k/a Triangle PWC, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in New York, New York, and is qualified to do business in the Commonwealth of Pennsylvania.

119.   The Defendant, OSRAM SYLVANIA, INC., in its own right and as successor-in-interest to GTE Products Corporation, The Clark Controller Company and A.O. Smith Corporation, is a corporation incorporated under the laws of the State of Ohio, having its

principal place of business in Cleveland, Ohio and is qualified to do business in the Commonwealth of Pennsylvania.

120.    The Defendant, PARKER-HANNIFIN CORPORATION, is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Cleveland, Ohio and is qualified to do business in the Commonwealth of Pennsylvania.

121.    The Defendant, PFAUDLER, INC., is a corporation incorporated under the laws of the State of Delware, and having its principal place of business located in Rochester, NY, and is qualified to do business in the Commonwealth of Pennsylvania.

122.    The Defendant, PLASTICS ENGINEERING COMPANY, is a corporation incorporated under the laws of the state of WI with a primary place of business located in Sheboygan, WI and is qualified to do business in the Commonwealth of Pennsylvania.

123.    The Defendant, POWER PIPING COMPANY, Commonwealth of Pennsylvania, having its principal place of business in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

124.    The Defendant, PROCESS VALVE & EQUIPMENT CO., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Chagrin Falls, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

125.    The Defendant, RCH NEWCO, II LLC, f/k/a Robertson Ceco Corporation, an alleged successor to H.H. Robertson Company, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Philadelphia, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

126.   The Defendant, READING CRANE AND ENGINEERING COMPANY, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

127.   The defendant, RESCO HOLDINGS, L.L.C. as successor to the M.W. Kellogg Company, is a limited liability company incorporated under the laws of the State of Delaware, having its principal place of business in Houston, Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

128.   The Defendant, RESEARCH-COTTRELL, INC., n/k/a AWT AIR COMPANY, INC., is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business in Palm Desert, California, and is qualified to do business in the Commonwealth of Pennsylvania.

129.   The Defendant, REUNION INDUSTRIES, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

130.   The Defendant, RILEY POWER, INC., f/k/a Riley Stoker Corporation, is a corporation incorporated under the laws of the State of Massachusetts, having its principal place of business located in the State of Michigan and is qualified to do business in the Commonwealth of Pennsylvania.

131.   The Defendant, ROBBINS & MYERS, INC., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Dayton, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

132.    The Defendant, ROBINSON FANS, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Zelienople, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

133.    The Defendant, RUST ENGINEERING & CONSTRUCTION, INC., f/k/a Treco Construction Services f/k/a the Rust Engineering Company, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Birmingham, Alabama, and is qualified to do business in the Commonwealth of Pennsylvania.

134.    The Defendant, SAINT-GOBAIN ABRASIVES, INC., f/k/a Norton Company, is a corporation incorporated under the laws of the State of Massachusetts, having its principal place of business located in Worchester, Massachusetts, and is qualified to do business in the Commonwealth of Pennsylvania.

135.    The Defendant, SANTA FE BRAUN, INC., individually and as successor to CF Braun & Co., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Dover, Delaware, and is qualified to do business in the Commonwealth of Pennsylvania.

136.    The Defendant, SAUER, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, PA, and is qualified to do business in the Commonwealth of Pennsylvania.

137.    The Defendant, SCHNEIDER ELECTRIC USA, INC. f/k/a Square D, is a corporation incorporated under the laws of the State of Illinois having its principal place of

business located in Palatine, Illinois and is qualified to do business in the Commonwealth of Pennsylvania.

138.    The Defendant, SEAL & DESIGN HIGBEE, INC., is a corporation incorporated under the laws of the State of New York having its principal place of business located in Clarence, New York, and is qualified to do business in the Commonwealth of Pennsylvania.

139.    The Defendant, SEALING SPECIALISTS & SERVICES CO., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Glenshaw, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

140.    The Defendant, SIMAKAS COMPANY, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Mars, Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

141.    The Defendant, SPIRAX SARCO, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Blythwood, South Carolina, and is qualified to do business in the Commonwealth of Pennsylvania.

142.    The Defendant, SPX COOLING TECHNOLOGIES, INC., f/k/a Marley Cooling Technologies, Inc., f/k/a The Marley Cooling Tower Company, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of North Carolina, and is qualified to do business in the Commonwealth of Pennsylvania.

143.    The Defendant, SPX FLOW US, LLC, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Charlotte, North Carolina, and is qualified to do business in the Commonwealth of Pennsylvania.

144.   The Defendant, STERLING FLUID SYSTEMS (USA), LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Indianapolis, Indiana, and is qualified to do business in the Commonwealth of Pennsylvania.

145.   The Defendant, SULZER PUMPS SOLUTIONS, INC. f/k/a AHLSTROM PUMPS, LLC., is a corporation incorporated under the laws of the State of Delaware having its principal place of business located in Easley, South Carolina, and is qualified to do business in the Commonwealth of Pennsylvania.

146.   The Defendant, SUNBEAM PRODUCTS, INC., as successor-in-interest to Sunbeam Corporation, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

147.   The Defendant, SUNDYNE LLC, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Colorado, and is qualified to do business in the Commonwealth of Pennsylvania.

148.   The Defendant, SURFACE COMBUSTION, is a corporation incorporated under the laws of the State of Ohio, with its principal place of business located in the State of Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

149.   The Defendant, SWINDELL-DRESSLER INTERNATIONAL COMPANY, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Coraopolis, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

150.    The Defendant, TENOVA INC., f/k/a Tenova Core Inc., f/k/a Techint Technologies, Inc., f/k/a Core Furnace Systems Corp., as successor-in-interest to Salem Furnace Company, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Coraopolis, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

151.    The Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Akron, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

152.    The Defendant, THE GORMAN-RUPP COMPANY, is a corporation incorporated under the laws of the State of OH, with its primary place of business located in Mansfield, OH, and is qualified to do business in the Commonwealth of Pennsylvania.

153.    The Defendant, THE LINTERN CORPORATION, is a corporation incorporated under the laws of the State of Ohio, with its primary place of business located in Mentor, OH, and is qualified to do business in the Commonwealth of Pennsylvania.

154.    The Defendant, THE NASH ENGINEERING COMPANY, is a corporation incorporated under the laws of the state of Connecticut with a primary place of business located in Yarmouth, ME, and is qualified to do business in the Commonwealth of Pennsylvania.

155.    The Defendant, THE WILLIAM POWELL COMPANY., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in the State of Ohio and is qualified to do business in the Commonwealth of Pennsylvania.

156.    The Defendant, TRANE U.S. INC., f/k/a American Standard Corporation f/k/a American Radiator & Standard Sanitary, in its own right and as successor to Westinghouse

33

Airbrake and/or WABCO, is a corporation incorporated under the law of the State of Delaware, having its principal place of business in Piscataway, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

157.    The Defendant, TUTHILL CORPORATION, is a corporation incorporated under the laws of the State of Delaware, having its primary place of business located in Burr Ridge, Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

158.    The Defendant, UNION CARBIDE CORPORATION, is a corporation incorporated under the laws of the State of New York, having its principal place of business located in Danbury, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

159.    The Defendant, UNITED STATES STEEL CORPORATION, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

160.    The Defendant, URBAN REDEVELOPMENT AUTHORITY OF PITTSBURGH, is a local agency formed under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, PA, and is qualified to do business in the Commonwealth of Pennsylvania.

161.    The Defendant, VELAN VALVE CORPORATION, is a corporation incorporated under the laws of the State of New York, with its principal place of business located in the State of Vermont and is qualified to do business in the Commonwealth of Pennsylvania.

162.    The Defendant, VIKING PUMP, INC., is a corporation incorporated under the laws of the State of Delaware having its principal place of business located in Cedar Falls, Louisiana, and is qualified to do business in the Commonwealth of Pennsylvania.

163.    The Defendant, WARREN PUMPS, LLC, is a corporation incorporated under the laws of the State of Delaware having its principal place of business located in Hamilton, New Jersey and is qualified to do business in the Commonwealth of Pennsylvania.

164.    The Defendant, WASHINGTON GROUP INTERNATIONAL, f/k/a Raytheon Engineers and Constructors, Inc. and all its domestic subsidiaries, including The Badger Company Inc., is a corporation incorporated under the laws of the state of Massachusetts, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

165.    The Defendant, WEIL-MCLAIN COMPANY, is a corporation incorporated under the laws of the State of Indiana, having its principal place of business located in Indiana, and is qualified to do business in the Commonwealth of Pennsylvania.

166.    The Defendant, WEST END CONTRACTING CORPORATION f/k/a Minnotte Contracting Corporation is a corporation incorporated under the Commonwealth of Pennsylvania having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

167.    The Defendant, WHEELABRATOR AIR POLLUTION CONTROL, INC., is a corporation incorporated under the laws of the State of Maryland, having its principal place of business located in Vienna, West Virginia, and is qualified to do business in the Commonwealth of Pennsylvania.

168.    The Defendant, WHEELING RUBBER PRODUCTS, INC., is a corporation incorporated under the laws of the State of West Virginia having its principal place of business located in Wheeling, West Virginia, and is qualified to do business in the Commonwealth of Pennsylvania.

169.    The Defendant, WT/HRC CORPORATION, f/k/a Whiting Corporation, is a corporation incorporated under the laws of the State of Illinois, having its principal place of business located in Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

170.    The Defendant, WTI RUST HOLDINGS, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Hampton, New Hampshire, and is qualified to do business in the Commonwealth of Pennsylvania.

171.    The Defendant, WYETH HOLDINGS CORPORATION, f/k/a American Cyanamid, is a corporation incorporated under the laws of the State of Maine, having its principal place of business located in Augusta, Maine, and is qualified to do business in the Commonwealth of Pennsylvania.

172.    The Defendant, YORK INTERNATIONAL CORPORATION, is a corporation incorporated under the laws of the State of Delaware with its primary place of business located in Milwaukee, Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

173.    181.    The Defendant, YUBA HEAT TRANSFER, LLC, is a corporation incorporated under the laws of the state of DE with its primary place of business located in the state of Tulsa, OK, and is qualified to do business in the Commonwealth of Pennsylvania.

36

174.   The Defendant, ZURN INDUSTRIES, a/k/a Erie City Iron Works, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania having its principal place of business located in Erie, Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

175.   The plaintiff, DAVID MARTINCIC, worked with his father performing residential plumbing work in the greater Pittsburgh area in the early-to-mid-1960s. He worked for Cost Company in Western Pennsylvania as a commercial bricklayer from 1969 to 1974. From 1980 to 2010, Mr. Martincic worked as a building inspector for the Urban Redevelopment Authority of Pittsburgh throughout the greater Pittsburgh, PA area. Plaintiff performed auto work on his personal automobiles and those of his friends and family throughout his lifetime. Additionally, on several occasions, he personally visited the American Cyanamid plant in Bridgeville, PA where his father worked.

176.   Plaintiff's father, Frank Martincic, Sr., was a laborer, pipefitter, electrician, carpenter, and stores clerk, while working for American Cyanamid in Bridgeville, PA from 1946 to 1956, while living in the same home as plaintiff David Martincic. Frank Martincic also worked as a pipefitter at various other industrial sites while living in the same home as David Martincic including, but not limited to, Dravo in Neville Island, PA from 1959 to 1960 and Kaiser Aluminum in Ravenswood, WV from 1964 to 1965. Frank Martincic worked as a stationary engineer, pipefitter and boiler operator at the Greater Pittsburgh International Airport in Pittsburgh, PA from 1965 to 1978, while living in the same home as David Martincic.

177.   Plaintiff's Uncle, Felix Martincic, worked at American Cyanamid in Bridgeville, PA from the time David Martincic was born until 1981. While living with his parents, Plaintiff

David Martincic lived two houses away from his Uncle and regularly visited him and his family, and vice versa.

178.    Plaintiff David Martincic was exposed to asbestos dust on the body, clothing, and person of numerous friends and family members who worked at American Cyanamid in Bridgeville, PA from 1946 through the 1970s.

179.    During a portion of the time set forth above, while employed as set forth above, and/or as a result of asbestos carried home on his father, uncle, friends and other family member's clothes, Plaintiff was exposed to and did inhale asbestos dust and asbestos fibers, which caused the conditions as hereinafter set forth, resulting in Plaintiff's impairment.

180.    Plaintiff served his country in the United States Navy from 1966 to 1969. Plaintiff is not bringing any claims in the instant complaint for exposure to asbestos-containing products during his service in the United States Navy.

181.    Plaintiff suffers from mesothelioma.

182.    The Plaintiff's mesothelioma was diagnosed on November 12, 2019.  Plaintiff was unaware of and could not discover the nature and cause of said mesothelioma before November 12, 2019.

<u>COUNT I</u>
<u>STRICT LIABILITY</u>

183.    The Defendant corporations or their predecessors in interest, at all times relevant, engaged in one or more of the following activities involving asbestos and other ingredients in their materials:  the mining, milling, manufacturing, distributing, supplying and/or selling asbestos materials and other dangerous ingredients and products.

184.   At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of said Defendants.

185.   As a direct and proximate result of the inhalation of the fibers and dusts contained in the products of Defendants and/or their predecessors-in-interest, Mr. Martincic contracted the disease set forth herein.

186.   The condition of David Martincic is a direct and proximate result of the Defendants' manufacture, and/or production, and/or distribution, and/or supply and/or sale of products containing asbestos and other dangerous ingredients which were inherently, excessively, and ultra-hazardously dangerous to Mr. Martincic and/or lacked elements necessary to make them safe for their intended uses.

187.   Mr. Martincic's disease as set forth herein with associated complications was directly and proximately caused by the acts of the Defendants acting through their agents, servants and employees and the Defendants are liable therefore, jointly and severally, to Mr. Martincic for their breach of duty imposed by Section 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT II
## NEGLIGENCE BY MANUFACTURERS, SUPPLIERS AND/OR CONTRACTORS

188.   Plaintiffs incorporate the aforementioned paragraphs by reference as though fully set forth herein.

189.   The condition of Plaintiff David Martincic is a direct and proximate result of the negligence of the Defendants, both jointly and severally, in that they manufactured, and/or supplied, and/or sold, and/or used, and/or installed, and/or specified, and/or recommended, and/or removed products containing asbestos and other dangerous ingredients, which products Defendants knew, or in the exercise of reasonable care, should have known, were inherently, excessively, and ultra-hazardously dangerous to Mr. Martincic.

190.   Defendants acted in such a manner which was willful, wanton, gross and in total disregard for the health and safety of individuals that might foreseeably be exposed to dust from such asbestos-containing products.

191.   Defendants, individually, together and/or as a group, have possessed since 1929 medical and scientific data which indicated that asbestos-containing insulation and other materials were hazardous to health. Prompted by pecuniary motives, the Defendants, individually, together and/or as a group, willfully and wantonly ignored and/or failed to act upon said medical and scientific data. Rather, they conspired together to deceive the public in several aspects: by controlling industry-supported research in a manner inconsistent with the health and safety interest of users and consumers; by successfully tainting reports of medical and scientific data appearing in industry and medical literature; by suppressing the dissemination of certain medical and scientific information relating to the harmful effects of exposure to said products; and by prohibiting the publication of certain scientific and medical articles. Such conspiratorial activities deprived the users, mechanics, laborers and installers of Defendants' said products of the opportunity to determine whether or not they would expose themselves to the unreasonably dangerous asbestos products of said Defendants. As a direct and

proximate result of the aforesaid actions, Mr. Martincic was exposed as alleged and contracted the diseases set forth herein.

192.    As a direct and proximate result of the actions of the Defendants as aforesaid, and inhalation of asbestos fibers from Defendant's products, Mr. Martincic has suffered severe and serious injuries. He suffers from mesothelioma, an asbestos-related disease, severe pain, and discomfort.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT III
## NEGLIGENCE BY THE OWNERS AND/OR OPERATORS OF PREMISES

193.    Despite the fact that they knew or should have known that injury from exposure to asbestos created a risk of serious bodily injury and/or death, Defendants Allegheny County; Allegheny County Airport Authority; Wyeth Holdings Corporation f/k/a American Cyanamid; Beazer East, Inc., in its own right and as successor to Koppers, Co., Inc., and other related companies, including Thiem Corporation, Beazer USA, Inc., and Beazer, PLC; and Dravo Corporation (hereinafter collectively "Premises Defendants") proceeded to and continued to:

    a.  Maintain the presence of vast quantities of asbestos-containing products at their premises;

    b.  Install, manipulate, disturb and/or remove asbestos-containing products at their premises in the course of the overhaul, maintenance and repair of pre-existing equipment, including but not limited to boilers, turbines, and piping systems, on the premises;

c.  Structure their construction projects in a manner that resulted in the simultaneous presence of numerous independent contractors installing, manipulating, disturbing and/or removing asbestos-containing products in the vicinity of the work of Mr. David Martincic, his father, uncle, friends and family members, without taking steps to control the activity of the independent contractors to minimize exposure to asbestos-containing products;

d.  Specify the use of asbestos-containing products by their employees and independent contractors without requiring the use of appropriate precautions to minimize exposure to asbestos-containing products;

e.  Purchase and supply large quantities of asbestos-containing products for use by their employees and independent contractors; and

f.  Negligently hired contractors that they knew or should have known they would be exposing Mr. David Martincic to asbestos dust by virtue of their installing, manipulating, disturbing and/or removing asbestos-containing products in the vicinity of the work of Mr. David Martincic, his father, uncle, friends and family members, without taking steps to control the activity of the independent contractors to minimize exposure to asbestos-containing products;

194.  The premises owned and/or operated by Premises Defendants were unsafe due to a latent hazardous condition: transportable respirable asbestos fibers in the air of their premises.

195.  The Premises Defendants should have expected that Mr. Martincic, his father, uncle, friends and family members would not discover or realize the extent and location of the presence and use of asbestos on their premises and that efforts should be made to minimize that asbestos from being carried home.

196.    As the owners of the premises at which Mr. David Martincic, his father, uncle, friends and family members worked, the Premises Defendants failed to control the sequencing of the conduct of their employees or the employees of independent contractors in order to eliminate his exposure to asbestos fibers, although they knew that exposure to asbestos fibers created a risk of serious bodily injury and/or death.

197.    The Premises Defendants had superior actual knowledge *vis-à-vis* Mr. Martincic, his father, uncle, friends, family members and their employers concerning the hazards of exposure to asbestos dust and fibers and concerning the extent and location of the presence and use of asbestos on their premises.

198.    The risks of asbestos exposure to Mr. Martincic were foreseeable to the Premises Defendants.

199.    Moreover, the use of asbestos involved a peculiar risk such that it constitutes an intrinsically dangerous activity distinct from the ordinary risk associated with the type of work Mr. David Martincic, his friends and family members were performing on their premises.

200.    As a foreseeable victim of asbestos used on its premises, Premises Defendants owed Mr. Martincic a duty of care to maintain its premises in a reasonably safe condition and/or warn or protect against the dangers on its premises.

201.    Premises Defendants breached this duty through their negligence or recklessness.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT IV
## NEGLIGENCE BY PLAINTIFF'S EMPLOYER

202.    Defendants Cost Company f/k/a Cost Corporation, Cost Management, LLC and the Urban Redevelopment Authority of Pittsburgh were at all relevant times Mr. Martincic's employers.

203.    As Mr. Martincic's employers, Defendants Cost Company f/k/a Cost Corporation, Cost Management, LLC and the Urban Redevelopment Authority of Pittsburgh owed him a duty to provide a reasonably safe workplace and to protect him against exposure to asbestos fibers.

204.    At all relevant times, Defendants Cost Company f/k/a Cost Corporation, cost Management, LLC and the Urban Redevelopment Authority of Pittsburgh knew or should have known that the presence of asbestos and asbestos-containing products in Mr. Martincic's workplace created an unreasonable risk of harm to him.

205.    Defendants Cost Company f/k/a Cost Corporation, Cost Management LLC and the Urban Redevelopment Authority of Pittsburgh were negligent in causing Mr. Martincic to be exposed to asbestos fibers, and this negligence was a factual, legal, and proximate cause of the injuries set forth in this Complaint.

206.    Mr. Martincic's last injurious exposure to asbestos occurred more than 300 weeks prior to his diagnosis of mesothelioma.

207.    At all relevant times, Defendant employers knew or should have known that the presence of asbestos and asbestos-containing products in Mr. Martincic's workplace created an unreasonable risk of harm to Mr. Martincic.

44

208.   Defendant was negligent or reckless in causing Mr. Martincic to be exposed to asbestos fibers, and this negligence or recklessness was a factual, legal, and proximate cause of the injuries set forth in this Complaint.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT V
## AGAINST URBAN REDEVELOPMENT AUTHORITY OF PITTSBURGH, ALLEGHENY COUNTY, AND THE ALLEGHENY COUNTY AIRPORT AUTHORITY

209.   Plaintiffs incorporate the aforementioned paragraphs by reference as though fully set forth herein.

210.   In addition to other defendants, Plaintiffs bring this action against Plaintiff's employer, the Urban Redevelopment Authority of Pittsburgh, pursuant to the governmental immunity provision in the Political Subdivision Tort Act, codified at *42 Pa. Cons. Stat. Ann. §8542. Exceptions to governmental immunity* (hereinafter referred to as "the Exception").

211.   In addition to other defendants, Plaintiffs bring this action against Plaintiff's father's employer The Allegheny County Airport Authority (as operator of the Pittsburgh International Airport) and Allegheny County, pursuant to the Exception.

212.   The Urban Redevelopment Authority of Pittsburgh, The Allegheny County Airport Authority and Allegheny County (hereinafter referred to as "the Agencies", all qualify as "local agencies" identified in the Exception and defined as, "A government unit other than the Commonwealth government," and as such are subject to the exceptions to government

immunity provided in the Exception at *42 Pa. Cons. Stat. Ann. §8542(a)(1)&(2) and §8542(b)(3)&(5).*

213.    Plaintiff's damages are recoverable under the common law or statute creating a cause of action and the injury was caused by a person not having available a defense under *§8541* (relating to government immunity generally) or *§8542* (relating to defense of official immunity).

214.    Plaintiff's injuries were caused by the negligent acts of the Agencies or an employee and/or agent of the Agencies acting within the scope of their office or duties with respect to dangerous conditions of Real Property in the possession and/or control of the Agencies, and/or Utility Service Facilities of steam, sewer, water, gas and electric systems owned by the Agencies and located within the rights-of-way that created a reasonably foreseeable risk of the kind of injury suffered by Plaintiff David Martincic.

215.    The negligence and/or negligent acts as alleged herein against the Agencies does not constitute a crime, actual fraud, actual malice or willful misconduct.

216.    Furthermore, the Agencies had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at sufficient time prior to exposure by Plaintiff David Martincic and his father to have taken measures to protect against the dangerous condition.

217.    Furthermore, Plaintiffs bring this action against Urban Redevelopment Authority of Pittsburgh pursuant to the Pennsylvania Supreme Court's ruling in Tooey v AK Steel Corporation, 2013 Pa. LEXIS 2816, 81 a.3d 351 (Pa. 2013). Plaintiff's asbestos disease manifested itself more than 300 weeks after his last occupational exposure to asbestos. Thus, this action against the Urban Redevelopment Authority of Pittsburgh does not fall within the

purview of the Worker Compensation Act ("Act"), and therefore the exclusivity provision of Section 303(a) of the Act does not apply to preclude plaintiff from filing a common law claim against his employer. The Urban Redevelopment Authority of Pittsburgh:

    a.  Purchased and maintained asbestos-containing products related to facilities and real property by its employees and/or agents/independent contractors;

    b.  Had their employees and/or agent/independent contractors install and remove asbestos-containing products when they repaired and maintained equipment and piping systems related to the facilities and/or real property without taking steps to minimize or eliminate exposures to asbestos-containing products;

    c.  Specified the use of asbestos-containing products by their employees and/or agents/independent contractors without requiring the use of appropriate precautions to minimize or eliminate exposures to asbestos-containing products;

    d.  Failed to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working around and inhaling toxic and/or pathogenic dusts including asbestos;

    e.  Failed to minimize or eliminate Plaintiff's exposure to asbestos; by not utilizing proper methods, including but not limited to, adequate ventilation with exhaust fans, dampening or wetting procedure and other recommended and available procedures to preclude exposures;

    f.  Failed to conduct any test to determine the presence and/or amount of asbestos, in and around Plaintiff; and

g.  Failed to advise Plaintiff of the increased risk of pleural, pericardial or peritoneal

mesothelioma, lung cancer of gastrointestinal tract and non-malignant pleural

and parenchymal abnormalities as well as asbestosis and other asbestos diseases.

## COUNT VI
## LOSS OF CONSORTIUM

218.    Plaintiff's spouse, Merl Williams, incorporates the aforementioned paragraphs

by reference as though fully set forth herein.

219.    As a direct and proximate result of the carelessness, negligence and/or

recklessness of the Defendants and of the aforesaid injuries to his husband, Mr. Williams has

been damaged as follows:

a.  Mr. Williams has been and will continue to be deprived of the services, society

and companionship of his husband;

b.  Mr. Williams has been required to spend money for medicine, medical care,

nursing, hospital and surgical attention, medical appliances and household care

for the treatment of his husband;

c.  Mr. Williams has been and will continue to be deprived of the earnings of his

husband.

WHEREFORE, Mr. Williams has been damaged and claims damages of the

Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the

Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT VII
## AGAINST METROPOLITAN LIFE

220.    Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully

set forth herein.

48

221.   In or about the year 1930, and at various times prior and subsequent thereto, up to and including the present time, Defendant Metropolitan Life Insurance Company undertook and assumed a duty to provide the asbestos industry, the scientific community and company users of asbestos with information, inspections, instructions, supervision, recommendations, assistance, notices, reports, methods, findings, cautions, warnings, advice, designs, equipment, safeguards, guidance and services to properly, adequately and reasonably provide safe working conditions, all allegedly to preserve and protect the life, health and safety of employees exposed to asbestos, including Plaintiffs and their co-workers, and particularly to protect them from the dangerous and defective properties of asbestos, asbestos products and compounds and/or other dangerous substances at or about the workplace.

222.   Plaintiffs aver that various employers and their employees, including Plaintiffs and scientists and others similarly situated, were dependent upon the undertakings of Metropolitan to preserve and protect the life, health and safety of individuals, including Plaintiffs, by not assisting the said companies in selling dangerous products.

223.   Metropolitan, by its active and passive negligence, failed to exercise the standard of care and skill it was obliged to exercise by reason of its aforesaid undertakings and assumption of duty, thereby causing, creating or permitting dangerous conditions and exposure to dangerous and defective substances; and thereby failing to properly safeguard Plaintiffs and all others similarly situated.

224.   As a result of the aforesaid negligence of the Defendant Metropolitan, Plaintiffs were injured.

WHEREFORE, Plaintiffs, have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT VIII
## AGAINST METROPOLITAN LIFE

225.     Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

226.     For a number of years, Metropolitan provided insurance coverage for various manufacturers of asbestos-containing products.

227.     For a number of years, Dr. A.J. Lanza served as assistant medical director of Metropolitan.

228.     At all times relevant, the activities of Dr. Lanza hereinafter described were undertaken as a servant, agent or employee of Metropolitan.

     a.  Beginning in approximately 1934, Metropolitan Life Insurance Company and certain asbestos producers and manufacturers including Johns-Manville Corporation and Raybestos Manhattan, through their agents, Vandiver Brown, attorney J.C. Hobart, Sumner Simpson and J. Rohrbach, suggested to Dr. Anthony Lanza, as agent of Metropolitan Life Insurance Company, that Lanza publish a study on asbestos in which Lanza would affirmatively misrepresent material facts about asbestos exposure and concerning the seriousness of the disease processes, asbestosis and related diseases. This was accomplished through intentional deletion of Lanza's feeling of asbestosis as "fatal" and through other selective editing that affirmatively misrepresented asbestos as causing diseases less serious than they really were known to be. As a result,

Lanza's study was published in the medical literature in this misleading fashion in 1935. This fraudulent misrepresentation and fraudulent nondisclosure was motivated in part by a desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in disputes involving Metropolitan as insurer.

b.  In 1936, American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation, Johns-Manville Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Russell Manufacturing, Union Asbestos and Rubber Company, and United Gypsum Company, entered into an agreement with the Saranac Laboratories. Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and could also control in what form such publications were to occur. This agreement gave these companies power to affirmatively misrepresent the results of the work at Saranac, and also gave these conspirators power to suppress material facts included in any study, On numerous occasions thereafter, these companies together with Metropolitan, exercised their power to prevent Saranac scientists from disclosing material scientific data, resulting in numerous misstatements of fact being made at scientific meetings.

c.  On November 11, 1948, representatives of the following companies met at the headquarters of Johns-Manville Corporation; American Brake Block Division of American Brake and Shoe Foundry, Gatke Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Inc., Thermoid Company, Union Asbestos and Rubber Company, United States Gypsum Company and Metropolitan. U.S.

Gypsum did not send a representative to the meeting, but instead authorized

Vandiver Brown of Johns-Manville to represent its interest at the meeting and to

take action on its behalf.

d.  At this November 11, 1948 meeting, these companies and Metropolitan decided

to exert their influence to materially alter and misrepresent material facts about

the substance of research previously started by Dr. Leroy Gardner at the Saranac

Laboratories. Dr. Gardner's research involved the carcinogenicity of asbestos in

mice and also included an evaluation of the health effects of asbestos on humans

with a critical review of the then existing standards of dust exposure for asbestos

and asbestos products.

e.  At this meeting, these companies and Metropolitan and subsequently their agent,

Dr. Vorwald, intentionally and affirmatively determined that Dr. Gardner's work

should be edited to delete material facts about the cancer causing propensity of

asbestos and the health effects of asbestos on humans and to delete the critique

of the dust standards. This was published, as altered, in the scientific literature.

These companies and Metropolitan thereby fraudulently misrepresented the risks

of asbestos exposure to the public, in general, scientists, and persons exposed to

asbestos such as the Plaintiffs.

f.  As a direct result of the actions as described above, Dr. Gardner's edited work

was published in the Journal of Industrial Hygiene, AMA Archives of Industrial

Hygiene and Occupational Health in 1951 in a form that stressed those portions

of Dr. Gardner's work that Metropolitan wished stressed, but which omitted

references to human asbestosis and cancer, thereby fraudulently and

52

affirmatively misrepresenting the extent of risks, Metropolitan and the companies it joined with affirmatively and deliberately disseminated this misleading publication.

g.  Such action constituted a material affirmative misrepresentation of material facts involving Dr. Gardner's work and resulted in creating an appearance that inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

h.  In 1955, Johns-Manville, for itself and on behalf of Metropolitan, through their agent Kenneth Smith, caused to be published in the AMA Archives of Industrial Health, an article entitled "Pulmonary Disability In Asbestos Workers". This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study constituted a fraudulent and material representation about the extent of the risk associated with asbestos inhalation.

i.  In 1955, the National Cancer Institute held a meeting at which Johns-Manville, individually and as an agent for Metropolitan, and A, Vorwald, as their agent, affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos exposure and cancer, when, in fact, Metropolitan was in secret possession of several studies which demonstrated that positive evidence did exist.

j.  Metropolitan approved and ratified and furthered the previous acts of Johns-Manville, Raybestos Manhattan, and A.J. Lanza.

229.    The acts of Metropolitan as described above, constitute a fraudulent concealment and/or a fraudulent misrepresentation which proximately caused injury to the Plaintiffs in the following manner:

    a.  Metropolitan intended the publication of false and misleading reports and/or the nondisclosure of documented reports of health hazards of asbestos, in order to:

        i.  Maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos-related products;

        ii.  Assist in the continued pecuniary gain through the control and reduction of claims;

        iii.  Influence proposed legislation to regulate asbestos exposure;

        iv.  Provide a defense in law suits brought for injury resulting from asbestos disease.

    b.  Metropolitan intended reliance upon the published reports regarding the safety of asbestos and asbestos-related products.

    c.  Plaintiffs suffered injury as a direct and proximate result of the acts alleged herein.

230.    Metropolitan has, as previously stated, altered, influenced, and created significant portions of medical literature which are false and misleading statements concerning the dangers of asbestos exposure and disease.  In so doing, Metropolitan, and its aforesaid agents, provided a body of medical literature which, when relied upon by persons investigating such literature, would have led to a false impression of the dangers of asbestos exposure.

231.    Additionally, the publication of such literature acted to inhibit the development of the literature and effectively delayed the dissemination of accurate knowledge of the dangers,

Metropolitan owed a duty to the Plaintiffs, and the public as a whole, when contributing to the medical literature to do so in good faith and with the reasonable care expected of any professional contributing to such literature; Metropolitan's failure to do so is willful and wanton negligence and a separate intentional tort creating a duty to compensate the Plaintiffs for injuries sustained as a proximate contributing result of the actions of Metropolitan Life Insurance Company.

232.     As a direct and proximately result of the fraudulent concealment and/or fraudulent representation by Metropolitan and its agents, the Plaintiffs suffered the diseases, injuries and damages set forth in the foregoing paragraphs.

WHEREFORE, Plaintiffs, have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT IX
## AIDING AND ABETTING AGAINST METROPOLITAN LIFE

233.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

234.     Defendant, Metropolitan Life Insurance Company, individually and in concert with American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation, Johns-Manville Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Russell Manufacturing, Union Asbestos and Rubber Company, United Gypsum Company, Thermoid Company and others knowingly agreed and conspired among themselves to engage in a course of conduct that was reasonably likely to result in injury to Plaintiff.

235.     Defendant, Metropolitan Life Insurance Company, knew or should have known that the perversion of the scientific and medical literature as aforesaid would cause the harmful effects of asbestos exposure and would cause Plaintiff injury.

236.     Defendant, Metropolitan Life Insurance Company, gave substantial assistance and/or encouragement to the conspirators and this aided and abetted their sale of asbestos products in a defective and dangerous condition and their reduction and control of claims against them.

237.     The actions of Metropolitan Life Insurance Company make it liable to Plaintiffs pursuant to Section 876 of the Restatement of Torts (Second) since Metropolitan Life Insurance Company has acted in concert with others to cause harm to the Plaintiffs.

238.     As a direct and proximate result of the actions of Defendant, Metropolitan Life Insurance Company, Plaintiff suffered and will continue to suffer serious bodily injury; endured and will continue to endure great pain and suffering and mental anguish; incurred and will continue to incur medical expenses; lost earnings and earning capacity; and was otherwise damaged.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT X
### MISREPRESENTATION AGAINST
### METROPOLITAN LIFE INSURANCE COMPANY

239.     Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

240.   The actions of Defendant Metropolitan Life Insurance Company as described above constituted conscious misrepresentation involving risk of physical harm and/or negligent misrepresentation involving risk of physical harm.

241.   Metropolitan Life Insurance Company is liable to Plaintiffs for their injury pursuant to Section 310 and 311 of the Restatement of Torts (Second).

242.   As a direct and proximate result of the actions of Defendant, Metropolitan Life Insurance Company, Plaintiff suffered and will continue to suffer serious bodily injury; endured and will continue to endure great pain and suffering and mental anguish; incurred and will continue to incur medical expenses; lost earnings and earning capacity; and was otherwise damaged.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## CONCLUSION

For Mr. Martincic's injuries sustained as a direct and proximate result of exposure to asbestos dust as aforesaid, Mr. Martincic demands the following relief in addition to any relief previously stated herein:

    a.   Compensation for great pain, suffering and inconvenience;

    b.   Compensation for Mr. Martincic's limitation and preclusion from performing normal activities;

    c.   Compensation for great emotional distress;

    d.   Compensation for Mr. Martincic's loss of his general health, strength and vitality;

e. Compensation for medicine, medical care, nursing, hospital and surgical

   attention, medical appliances and household care;

f. Punitive and exemplary damages;

g. Any further relief found just and appropriate by the Court.

**JURY TRIAL DEMANDED AS TO ALL COUNTS,**

Respectfully submitted,
GOLDBERG, PERSKY & WHITE, P.C.

By: _____

   Leif J. Ocheltree, Esquire
   Attorneys for Plaintiffs

58

## VERIFICATION

I, DAVID MARTINCIC, hereby certify that the statements set forth in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief. The factual matters set forth therein are based upon information which has been furnished to my counsel, or which has been gathered by my counsel as it pertains to this lawsuit; that the language contained in the foregoing is that of counsel and not the undersigned; and, that to the extent that the contents of same is that of counsel the undersigned has relied upon counsel in making this verification.

I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn fabrication to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Date: 05-05-2020

David Martincic

## VERIFICATION

I, MERL WILLIAMS, hereby certify that the statements set forth in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief. The factual matters set forth therein are based upon information which has been furnished to my counsel, or which has been gathered by my counsel as it pertains to this lawsuit; that the language contained in the foregoing is that of counsel and not the undersigned; and, that to the extent that the contents of same is that of counsel the undersigned has relied upon counsel in making this verification.

I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn fabrication to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Date: 05-05-2020

Merl Williams