IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MARTINCIC et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> A.O. SMITH CORPORATION et al., <br><br> *Defendants*. | Civil Action No. 2:20-cv-958-WSS <br><br> Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, District Judge

This is a toxic tort action alleging injuries from asbestos exposure. On May 7, 2020 Plaintiffs David Martincic and Merl Williams (collectively "Plaintiffs") sued one-hundred-and-seventy-three corporate Defendants, including Foster Wheeler, LLC ("Foster Wheeler"), in the Court of Common Pleas of Allegheny County, Pennsylvania. (ECF No. 1-1, ¶¶ 1, 70). Plaintiffs pleaded ten counts in tort, alleging that Defendants were responsible for Martincic's contracting mesothelioma. Three of these counts appeared to be directed toward Foster Wheeler: strict liability (Count I), negligence (Count II), and loss of consortium (Count VI). (ECF No. 1-1, ¶¶ 183–242). Foster Wheeler removed the case to this Court on June 26, 2020. (ECF No. 1). Plaintiffs moved to remand, arguing that there is no basis for federal jurisdiction because their Complaint disclaims any and all claims relating to any asbestos exposure while Martincic served in the United State Navy. (ECF No. 3). The alleged exposure during this timeframe served as the basis of Foster Wheeler's federal contractor defense which, in turn, served as the jurisdictional foundation for its removal of the case to this Court. The matter is now fully briefed. For the

reasons set forth herein, the Court holds that Plaintiffs' disclaimer was effective and that there is no federal jurisdiction. Remand is required.

## FACTS

Martincic alleges that he was exposed to asbestos carried on the body, clothing, and person of several family members who worked at American Cyanamid in Bridgeville, Pennsylvania from 1946 through the 1970s. (ECF No. 1-1, ¶ 178). He was diagnosed with mesothelioma on November 12, 2019. (ECF No. 1-1, ¶¶ 181–82). Although Martincic served in the United States Navy from 1966 to 1969, Paragraph 180 of the Complaint unequivocally disclaims that "***Plaintiff is not bringing any claims in the instant complaint for exposure to asbestos-containing products during his service in the United States Navy.***" (ECF No. 1-1, ¶ 180) (emphasis added).

## STANDARD OF REVIEW

Any civil action brought in state court can generally be removed by a defendant to federal district court under the general removal statute: 28 U.S.C. § 1441. Civil actions brought against federal officers or agencies can be removed under the federal officer removal statute: 28 U.S.C. § 1442. The requirements for filing a notice of removal under 28 U.S.C. § 1446 parallel the pleading requirements of Rule 8(a)(1). A defendant seeking federal jurisdiction must provide a notice of removal containing a short and plain statement of the grounds. That statement must allege underlying facts supporting all requirements. *See* 28 U.S.C. § 1446; FED. R. CIV. P. 8(a)(1); *In re Com.'s Mot. to Appoint Counsel Against or Directed to Def. Ass'n. of Phila.*, 790 F.3d 457, 466 (3d Cir. 2015); *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014), *cert. denied*, 574 U.S. 934 (2014).

Similarly, the requirements for filing a motion to remand under 28 U.S.C. § 1447(c) parallels the defense requirements of Rule 12(b)(1). *See Papp v. Fore-Kast Sales Co., Inc.*, 842

F.3d 805, 811 (3d Cir. 2016) (citing *Leite*, 749 F.3d at 1121–22). A court must grant a motion to remand if there is a lack of subject matter jurisdiction. *See* 28 U.S.C. §1447(c); FED. R. CIV. P. 12(b)(1). Although a defendant's removal rights under 28 U.S.C. § 1442 are broader than those under 28 U.S.C. § 1441, Rule 12(b)(1) is the standard of review for both. *See Leite*, 749 F.3d at 1122. A challenge to subject matter jurisdiction under Rule 12(b)(1) may employ a facial or factual attack. *Papp*, 842 F.3d at 811 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). In reviewing a facial attack, a court assumes all factual allegations are true. In reviewing a factual attack, a court construes all factual allegations in a light most favorable to the movant as it would otherwise do under Rule 12(b)(6). *Id.* (quoting *Def. Ass'n*, 790 F.3d at 466); *Leite*, 749 F.3d at 1121 (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). In either case, a defendant retains the overall burden to show by the preponderance of the evidence that subject matter jurisdiction exists and removal is proper. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing cases). The threshold for surviving a motion to dismiss under Rule 12(b)(1) is still lower than that under Rule 12(b)(6). *Lunderstadt v. Colafella*, 886 F.2d 66, 70 (3d Cir. 1989). Federal officer removals are construed liberally: that a federal claim is *probably* insufficient is not enough to justify remand. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). Remand is only appropriate if the claim is 1) immaterial and made only to acquire federal jurisdiction or 2) insubstantial and frivolous. *See Bell*, 327 U.S. at 682–83; *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)); *see also Growth Horizons, Inc. v. Del. Cnty.*, Pa., 983 F.2d 1277, 128–81 (3d Cir. 1993) (citing *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987); and then quoting *Oneida*, 414 U.S. at 666).

Here, Plaintiff's attack on Foster Wheeler's removal is a facial attack. They argue that Foster Wheeler cannot invoke the government contractor defense, and thus federal jurisdiction,

3

because their Complaint unequivocally disclaimed any claims relating to exposure to asbestos in the Navy. This is a facial attack because, the disclaimer either is, or is not, effective to disclaim Navy-related claims and to take the government contractor defense out of this case. Thus, the Court will determine whether the disclaimer in the Complaint warrants remand for want of federal jurisdiction.

## ANALYSIS

Foster Wheeler's basis for removal is the federal officer removal statute: 28 U.S.C. § 1442(a)(1). (ECF No. 4, pp. 1–2). Plaintiffs filed a motion to remand under 28 U.S.C. § 1447(c). They argue that their Complaint foreclosed federal jurisdiction by disclaiming that they were not seeking to recover for injuries sustained while Martincic served in the Navy. Foster Wheeler's response is that the only plausible injuries it could be liable for, according to Martincic's own deposition testimony, occurred within the scope of Martincic's naval service, and, therefore, the federal contractor defense is plausible and removal is appropriate. (ECF No. 299, p. 2). It states: "[e]ither this case belongs in this Court or Foster Wheeler does not belong in this case. Plaintiffs cannot have it both ways." (ECF No. 299, p. 3). Whether Foster Wheeler belongs in the case is not the question before the Court. Rather, the issue facing the Court is whether Plaintiffs' purported disclaimer of any claims arising from asbestos exposure during Martincic's Navy service is sufficient to preclude the government contractor defense and, thus, divest the Court of subject matter jurisdiction.

"The question of whether Plaintiffs have effectively disclaimed any federal claims is controlled by federal law." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 740–41 (E.D. Pa. 2011) (citing *Mesa v. California*, 489 U.S. 121 (1989)). Nowhere in the Complaint do Plaintiffs explicitly challenge the enforcement or wisdom of any federal policy, procedure, or

4

regulation. (ECF No. 1). Indeed, Plaintiffs explicitly state that they are not seeking to recover for any injuries sustained while Martincic served in the Navy, the relevant period when federal claims would accrue. (ECF No. 1-1, ¶ 180). For the reasons given below, the Court holds that Plaintiffs effectively disclaimed federal jurisdiction.

*A. Standard for Propriety of Disclaimers*

Neither the Supreme Court nor the Third Circuit have spoken on if and to what extent pre-removal disclaimers of subject matter jurisdiction under the federal officer removal statute can be effective. So, the Court must weigh persuasive authority from other courts of appeals and district courts. Having conducted an extensive survey, the Court finds that there are diverse views aggregable into three types.

First, some courts find that disclaimers under the federal officer removal statute are categorically ineffective. There are at least two sub-types. One is that the effectiveness of disclaimers tracks the posture of a court's construction of the relevant removal statute. On the one hand, a disclaimer cannot be effective when the federal officer removal statute is invoked because that statute creates an exception to the well-pleaded complaint rule and is liberally construed to effectuate Article I, Section 8, Clause 17 of the United States Constitution. On the other hand, a disclaimer can be effective when the general removal statute is invoked because that statute is strictly construed against removal. *See* U.S. Const. art. I, § 8, c. 17; 28 U.S.C. § 1441; 28 U.S.C. § 1442(a)(1); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 770 F. Supp. 2d at 741; *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51, 54 (D. Mass. 2008); *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 103 & n.1 (D. Conn. 2007); *Ballenger v. Agco Corp.*, Case No. C 06-2271 CW, 2007 WL 1813821, at **1, 2 (N.D. Cal. June 22, 2007).

The other subtype of cases rejecting the effectiveness of disclaimers to preclude remove take the position that disclaimers are categorically ineffective because they are circular: their applicability turns on the core question of whether a defendants' alleged tort was required or caused by their relationship with the federal government. *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1335 (N.D. Ala. 2010); *Marley v. Elliot Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1274 (S.D. Fla. 2008).

Second, some courts find that disclaimers under the federal officer removal statute are appropriate or inappropriate depending on the case. There are, again, at least two subtypes. One is that disclaimers waiving any liability incurred on federal premises are effective, while those that are strictly limited to liabilities causally related to a defendant's specifications are ineffective. *Corley,* 688 F. Supp. 2d at 1335–36; *Marley,* 545 F. Supp. 2d at 1274.[1] The other is what the Court will characterize as the "good faith test." This view draws a meaningful distinction between "artful" (i.e. opaque and ambiguous) pleading for circumventing federal officer jurisdiction and clear and unambiguous disclaimers intended to prevent removal. The former is generic; the latter is specific. The former shows bad faith; the latter shows good faith. The former is ineffective; the latter is effective. *E.g. Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1363 (S. D. Fla. 2016) (citing cases); *Sides v. 20th Century Glove Corp. of Tx.*, Civ. Action No. 2:15-cv-13278, 2016 WL 1733473, at **1, 4 (S.D. W. Va. Apr. 29, 2016); *Kelleher v. A.W. Chesterton Co.*, Case No. 15-CV-893-SMY-SCW, 2015 WL 7422756, at **1, 3 (S.D. Ill. Nov. 23, 2015); *Kite v. Bill Vann Co., Inc.*, Civ. Action No. 11-0444-WS-N, 2011 WL 4499345, **1, 2 & n. 3 (S.D. Ala. Sept. 29, 2011); *Hopkins v. Buffalo Pumps, Inc.*, C.A. No. 09-181 S., 2009 WL 4496053, at **1, 6

---

[1] Some courts espouse categorical objections, but also assert conditional objections in the alternative, as the district courts did in *Corley* and *Marley*.

(D.R.I. Dec. 1, 2009).[2] This appears to be the dominant view of federal district courts around the country.

Finally, some courts find that disclaimers under the federal officer removal statute are categorically effective—either that or they are content not to bother themselves with addressing hypothetical scenarios when they might not be. *See Westbrook v. Asbestos Def.'s (BHC)*, Case No. C-01-1661-VRW, 2001 WL 902642, at **1, 3 (N.D. Cal. July 31, 2001) ("The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand. If plaintiffs later attempt to reverse course, and are allowed to do so by the state court despite their express waiver, Todd can always file for removal once again."); *see also Overly v. Raybestos-Manhattan*, Case No. C-96-2853-SI, 1996 WL 532150, at **1, 3 (N.D. Cal. Sept. 9, 1996) (waiving all potential claims related to design defects, rather than all claims).

The majority of federal district courts, by the Court's observation, review disclaimers under the good faith test. The Court believes that this is the most compelling approach to reviewing disclaimers and that is the approach it will apply.

B. *Effective Disclaimer(s) in this Case.*

One of the best representatives of the good faith test in this circuit is the decision of the United States District Court for the District of Delaware in *Dougherty v. A.O. Smith Corp.*, Civ. Action No. 13–1972–SLR–SRF, 2014 WL 3542243 (D.Del. July 16, 2014). The Court finds *Dougherty* highly instructive in this matter. In *Dougherty*, plaintiffs issued the following disclaimer in the third paragraph of their complaint:

---

[2] Although *Batchelor* puts *Marley* in this camp, the Court is reluctant to do so because of *Marley's* objection that disclaimers are categorically "circular." The circularity argument was given greater emphasis.

> Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer). Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency.

*Dougherty*, 2014 WL 3542243, at *1. The district court found that disclaimer ambiguous because in the immediately preceding paragraph, plaintiffs alleged that there were injuries incurred as a result of asbestos exposure while Francis J. Dougherty ("Dougherty"), one of the plaintiffs, served in the Navy. *Id.* at *4. As a result, the disclaimer in the complaint fell into the bad faith/artful-pleading-to-circumvent-federal-officer-removal category. *Id.* at *5. On top of that, the district court found that defendant satisfied all four elements for removal under 28 U.S.C. § 1442(a)(1). But that is where the case takes an interesting twist.

After removal, plaintiffs included a post-removal disclaimer in their brief for remand:

> Plaintiffs have disclaimed and hereby waive as the basis for any relief in this case exposures that may have occurred during Mr. Dougherty's service in the United States Navy from 1945–1947. . . . To the extent necessary, Plaintiffs also hereby waive all claims against Crane stemming from Mr. Dougherty's asbestos exposure from any federal government job site, and aboard Navy ships or any other military vessel.

*Id.* at *9. The district court was unclear whether plaintiffs offered these statements as a clarification of the complaint or as an additional, separate waiver, ultimately finding it proper to construe them as the latter. *Id.* at *10. The propriety of pre-removal disclaimers is a separate issue from that of post-removal disclaimers. Even if a pre-removal disclaimer intended to preclude federal officer removal is ineffective under the fine sliver of federal common law that has percolated on that topic, the propriety of a post-removal action either in the form of an express

8

disclaimer or an amendment to a complaint removing allegations triggering federal liability is controlled by the discretionary principles of supplemental jurisdiction: judicial economy, convenience, fairness, and comity. 28 U.S.C. § 1367; FED. R. CIV. P. 1; *Frawley v. Gen. Elec. Co.*, No. 6 Civ. 15395 (CM)., 2007 WL 656857, at **1, 3 (S.D.N.Y. 2007) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)). Under those principles, the district court found the express post-removal disclaimer before it to be effective and opted to remand. *Id.* at *16.

In this case, Paragraph 180 of the Complaint unequivocally disclaims that "***Plaintiff is not bringing any claims in the instant complaint for exposure to asbestos-containing products during his service in the United States Navy***." (ECF No. 1-1, ¶ 180). The Court does not detect any overt ambiguity in Plaintiffs' Complaint. Unlike in *Dougherty*, the only reference to Martincic's naval service in the Complaint was submitted to disclaim any liability incurred during that timeframe. The Court reads the disclaimer broadly as encompassing any state or federal liability. The Court finds it to be clear, specific and effective.

Nevertheless, to the extent that Foster Wheeler's being named in the Complaint and Martincic's reference to asbestos exposure in the Navy during his deposition testimony created ambiguity, that ambiguity is repaired by Plaintiffs' motion to remand. In their supporting brief, Plaintiffs say that they "have expressly stated that they are b[r]inging no claims for any asbestos exposure suffered by Mr. Martincic during his naval career." (ECF No. 4, pp. 2–4). Thus, even if Foster Wheeler could otherwise meet its burden to satisfy the requirements for federal officer removal, and even if a post-removal disclaimer removal is required for remand, the Court finds the express disclaimer in Plaintiffs' post-removal brief to be sufficient. *See* 28 U.S.C. § 1367; FED. R. CIV. P. 1; *Frawley*, 2007 WL 656857, at ** 3–4 (citing *Cohill*, 484 U.S. at 343).

The Court appreciates Foster Wheeler's concern that Martincic's deposition testimony suggests that the only nexus between him and Foster Wheeler was during his time in the Navy. This testimony, however, does not supersede the unambiguous disclaimer of Navy-related liability set forth in the Complaint. Whether, in light of that disclaimer and the facts of record, Foster Wheeler is an appropriate defendant, is a question for the remand court. It can hold Plaintiffs to their word regarding federal liability. Alternatively, if Plaintiffs attempt to reverse their position and step back from their disclaimer, and the state court allows them to do so, Foster Wheeler can seek removal once again. *Dougherty*, 2014 WL 3542243, at *18. But, as of now, Plaintiffs' disclaimer effectively divests this Court of subject matter jurisdiction and, therefore, requires remand of the case.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion to Remand (ECF No. 3). An Order of Court will follow.

BY THE COURT:

October 1, 2020

*[signature]*

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE